Kentucky Union Co., &c., v. Lovely, &c.

CASE 38—ACTION FOR DAMAGES TO REAL ESTATE—MARCH 14.

# Kentucky Union Co., &c., v. Lovely, &c.

APPEAL FROM BREATHITT CIRCUIT COURT.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL.   REVERSED.

DEPOSITIONS—FILING AFTER COMMENCEMENT OF TRIAL—FAILURE TO GIVE NOTICE.

Held:   1. Under Civil Code Practice, section 585, it was error to permit the reading of depositions which were not filed until after the jury had been impaneled.

2. Exceptions to depositions for failure to give notice to certain of the defendants who had filed separate answers should have been sustained, there being no waiver of notice by cross examination.

W. H. BLANTON, ATTORNEY FOR APPELLANTS, HAGINS & BLANTON.

The appellants, D. F. Hagins and W. H. Blanton, purchased the timber on a tract of land on Winnie Branch from their co-appellant, Kentucky Union Company, and proceeded to cut and remove same.   This suit was brought by appellees against the Kentucky Union Company, Blanton & Hagins, for trespass, alleging they were the owners of the land and claiming $2,500 damages for the timber.

Separate answers were filed admitting the cutting by Blanton & Hagins, but alleging the land belonged to the Kentucky Union Company, and the cutting was done by its consent.

On the trial the depositions of both the plaintiffs and Thomas Hogston were read for plaintiff. They were taken without notice to Blanton or Hagins. The notice was served on J. B. Marcum, one of the attorneys for the Kentucky Union Company, but was neither addressed to, nor served upon, any representative of either Blanton or Hagins. They were not filed until after the trial had begun and were excepted to, which the court overruled. No other proof was offered in support of plaintiffs' claim. Thus it will be seen that a judgment has been rendered for $400 upon testimony illegally admitted.

The only title claimed by appellees is by prescription. The appellants exhibited a perfect paper title from the Commonwealth down.

These facts appearing in the record, we expect a reversal of the judgment.

MARCUM & POLLARD, for appellants, Kentucky Union Company.

This action was brought by appellees, Wm. Lovely and Delilah, his wife, for damages for the alleged unlawful cutting of trees growing on a tract of land claimed by Delilah Lovely.

The defendants filed separate answers, claiming that the lands on which the timber was cut belonged to the corporate defendant, Kentucky Union Company, and was cut by the other defendants with the consent of said company. The appellees relied solely upon possessory title. Upon the calling of the case for trial both parties announced ready. After the swearing of the jury and the statement of the case by both parties, the appellees (plaintiffs) were permitted to file depositions of certain witnesses which had been taken without proper notice and in the absence of defendants, and never filed in the record until after the statement of the case had been made to the jury, and then filed over the objection of appellants.

At this stage appellants moved to continue at cost of appellee, which motion was overruled by the court. The trial then proceeded and resulted in a verdict in favor of the appellees for $400. From this judgment appellants prosecute this appeal, claiming that not only many errors of the court were prejudicial to their rights, but also that the verdict of the jury is not sustained by the evidence.

### AUTHORITIES CITED.

Chiles v. Calk, 4 Bibb, 554; Robinson v. Neil, 5 Mon., 212; Neel v. Robinson, 5 J. J. Mar., 211; Ring v. Gray, 6 B. Mon., 368; Hartley v. Hartley, 3 Met., 56; Civil Code, sec. 606; 9 Bush, 719; 81 Ky., 13; Henderson v. Howard, 1 Marshall, 27; Newell on Ejectment, 430.

Kentucky Union Co., &c., v. Lovely, &c.

J. J. C. BACH, T. T. CONE AND W. W. McGUINN, ATTORNEYS FOR APPELLEES.

## POINTS DISCUSSED.

### NOTICE.

1. A notice to take depositions at the residence of Sam Patton, on Quicksand, near the mouth of Caney creek, is a sufficient designation of the place to enable the opposite party, by inquiry, to ascertain the place and attend the taking, and especially when he had already taken a deposition for himself at the same place in the same case.

2. Notice to take a deposition may be served on an attorney in the county in which the suit is pending. And in order to show that the service upon the attorney is unauthorized the party complaining must show, affirmatively, that he does reside in the county in which the suit is pending.

### DEPOSITION.

3. The court has nothing to do with the filing of depositions. They are filed before the clerk, and his act in receiving and filing them can not be reviewed on appeal.

### CONTINUANCE.

4. When both the court and the opposite party conceded. a continuance to a party and he refused to accept it, he can not be heard on appeal to complain of having rejected it.

   A party is not, as a matter of right, entitled to a continuance because deposition taken before the trial was begun was not filed until afterwards. But he must make known to the court that he can procure evidence that will disprove or explain away that given in the deposition.

   Surprise is no ground for a new trial unless the surprised party makes known to the court in some way that he was surprised and did not have an opportunity to counteract it.

### POSSESSION.

5. When a party marks out a boundary of land, to which there is no adverse possession, and enters upon and takes possession of it, he acquires possession co-extensive with the boundary marked out.

6. Fifteen years' adverse possession of a boundary of land vests the possessor with title. Campbell v. Thomas, 9 B. Mon., 87; Civil Code, secs. 136, 315, 632.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

This is an action for damages to real estate. Issue was joined as to title of the land and the question of damages.

The bill of exceptions shows that after the jury had been impaneled and sworn there were filed with the clerk depositions as one of appellees, as well as several witnesses for them. Appellants then filed exceptions to the depositions because of defective notice, or rather, as to part of appellants who had filed separate answers no notice at all was given or attempted. The exception was overruled. On the trial the court, over objection, permitted appellees to read these depositions. A verdict and a judgment was rendered for appellees, and after motion for new trial had been overruled this appeal was prosecuted.

Section 585 of the Civil Code of Practice provides, "No deposition shall be read on a trial, unless before the commencement thereof, it be filed with the papers of the case." This provision of the Code is plain and unambiguous, and it is decisive of the question presented.

The depositions were not filed before the commencement of the trial, and it was clearly error to permit same to be read on the trial. The testimony proven in the depositions was material, and probably in a large measure influenced the verdict. The notice given to take the depositions was not executed on appellants Hagins and Blanton, nor their attorney of record, and was not even addressed to them, yet the court permitted same to be read against them on the trial, when there was no waiver of notice by cross-examination by any person. The exception to the depositions should have been sustained.

Other questions argued by counsel are not necessary to a determination of the case, and are not decided. For the reasons given, the judgment is reversed, and the cause remanded for a new trial, and for proceedings consistent herewith.