## Lovely, et al. v. Kentucky Union Co.

(Decided December 12, 1912.)

### Appeal from Breathitt Circuit Court.

Instructions.—When there is evidence conducing to show that the plaintiff is entitled to the relief sought it is error to direct a verdict in favor of the defendant.

BYRD & HOWARD, T. T. COPE for appellant.

W. B. DIXON, O. H. POLLARD for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing

This suit was brought by the appellants as plaintiffs against the appellee as defendant to recover damages for timber alleged to have been cut and removed by appellee from land owned by appellants. The petition described a boundary of land from which the timber was cut, and the title to this land was put in issue by the appellee, it claiming to be the owner of it. The case went to trial before a jury, and upon the conclusion of the evidence for the plaintiffs the court directed a verdict for the defendant, and this appeal is prosecuted to obtain a reversal of the judgment entered on the verdict.

There are no maps, plats or surveys in the record, and this makes it exceedingly difficult to arrive at a satisfactory conclusion as to the merits of the controversy. The appellants did not exhibit with their evidence any deeds or patents but relied upon a possessory title, and it is the contention of appellee that they failed to show such possession as would entitle them to recover. As we have concluded to order a new trial in the case, it is neither necessary nor proper that we should comment on the character or quantity of the evidence except to say that, in our opinion, there was sufficient to take the case to the jury.

It appears from the evidence for appellants that Thomas Hagins, Delilah Lovely's father, died about 1852, and there is evidence to the effect that he owned or claimed to own a large body of land on Quick Sand Creek in Breathitt County. After his death his land was divided among his children, one of whom was the appellant, Delilah Lovely, who, at the time of her father's death, was a mere child.

There is some testimony in her behalf conducing to show that soon after her father's death she married, and that she and her husband settled on the land allotted to her in the division of her father's estate, and that the land so allotted included all or a part of the land in controversy, and that after she married she lived on this land for twenty-five or thirty years, and afterwards rented it to tenants who occupied it.

John Hagins, a brother of appellant, testifies that his father had been in possession of the land in controversy for many years and up to the time of his death, and that after his death, and when the land was partitioned between the heirs, he assisted in marking the boundary of the land allotted to appellants, and that this land embraced the land from which the timber sued for in this action was cut and removed. He also testified to other facts tending to show a right of recovery in appellants and we think the evidence of this witness was sufficient to at least make out such a case for appellants as, in the absence of countervailing evidence, entitled them to go to the jury.

It is said, however, by counsel for appellees that the evidence of this witness, which was in the form of a deposition, was not read on the trial. The record shows that objection was made to the reading of the deposition of Hagins and that the objection was overruled, with an admonition by the court to the jury to disregard some statements made by the witness, and the deposition appears in the transcript of the evidence, which was approved and certified according to law.

We take the liberty of suggesting if there is another trial of the case, that before it is had the land in controversy be surveyed and that such other surveys be made and accessible title papers be filed as will enable the court hearing the case to form a more satisfactory opinion as to the rights of the parties than can be obtained from the record in its present condition.

The judgment is reversed, with directions to award the plaintiffs a new trial.