## Consolidation Coal Company v. Moore.

(Decided February 15, 1918.)

Appeal from Johnson Circuit Court.

1. Appeal and Error—Opinion—Law of the Case.—The opinion of the Court of Appeals upon the first appeal of a case is the law of the case, upon subsequent appeals, under substantially the same facts, not only with respect, (1) to errors relied upon for a reversal on the first appeal and which are mentioned in the first opinion, (2) to errors relied on but not noticed in the opinion, but, (3) also as to errors appearing in the first record that might have been but were not then relied upon.

2. Appeal and Error—Opinion—Law of the Case.—The rule that the opinion upon the first appeal is the law of the case in subsequent appeals under substantially the same facts, applies to all cases

where the opinion does not expressly state that a particular point is not passed upon; and, an opinion upon a first appeal conclusively settles the question of the sufficiency of the pleadings, the competency of the testimony, and its sufficiency to take the case to the jury.

ALLIE W. YOUNG, ED. C. O'REAR and FOGG & KIRK for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is the second appeal of this action brought by the appellee Moore against the appellant company for personal injuries. The facts are fully stated in the former opinion which may be read in 166 Ky. 48. Upon the first trial Moore recovered a verdict and judgment for $600.00; but upon appeal to this court that judgment was reversed upon the single ground of error in the first instruction.

Upon the second trial Moore obtained a verdict for $1,000.00, and the company again appeals. It now assigns the following three grounds for a reversal: (1) that the petition is defective in that it fails to allege Moore's lack of knowledge of the defects in the track complained of; (2) that in the absence of such an allegation and an issue made thereon by the proof and the failure to submit the issue to the jury, it was prejudicial error for the trial court to overrule the demurrer to the petition; and, (3) there should have been a peremptory instruction for the company upon its defense of contributory negligence.

The former opinion expressly held: (1) that the safe place or safe appliance doctrine did not apply; (2) that the evidence of the defective condition of the track was sufficient to take the case to the jury; and, (3) that Moore did not assume the risk in question. These three issues were decided against the appellant; and, as above indicated, the first judgment was reversed solely for error in the first instruction. Upon the second trial the error in the instruction was corrected, and no complaint is now made against it.

Recurring to the grounds alleged upon this appeal for a reversal of the judgment it will be observed that the first and second grounds are substantially the same since both are predicated upon the insufficiency of the

petition. We are not, however, at liberty to go into that question since it is thoroughly established that the opinion upon the first appeal is the law of the case, not only with respect: (1) to errors relied upon for a reversal on the first appeal and which are mentioned in the first opinion; (2) to errors relied on but not noticed in the opinion; but, (3) also as to errors appearing in the first record that might have been but were not then relied upon. McNeill v. Thompson, 27 Ky. L. R. 289, 84 S. W. 1145; U. S. Fidelity & Guaranty Company v. Blackley, Hurst & Co., 27 Ky. L. R. 392, 85 S. W. 196; C. & O. R. Co. v. Morgan, 129 Ky. 731; Dupoister v. Ft. Jefferson Improvement Co., 121 Ky. 518; Springfield v. Louisville Ry. Co., 130 Ky. 468; Ill. Life Ins. Co. v. Wortham, 119 S. W. 802; Stewart's Adm'r v. L. & N. R. Co., 136 Ky. 717; Wall's Ex'r v. Dimmitt, 141 Ky. 715; N. C. & St. L. Ry. Co. v. Henry, 168 Ky. 455; N. C. & St. L. Ry. Co. v. Banks, 168 Ky. 581.

This rule applies to all cases where the opinion does not expressly state that a particular point is not passed upon; and, an opinion upon a first appeal conclusively settles the questions of the sufficiency of the pleadings, the competency of the testimony, and its sufficiency to take the case to the jury. Illinois Life Ins. Co. v. Wortham, *supra*.

The rule also applies to the former action of the trial court in submitting the question of contributory negligence, instead of peremptorily instructing for the defendant upon that defense. The petition was amended to the plaintiff's advantage, and the error in the instructions was corrected. In other respects the case is substantially the same as on the former appeal.

We find no error in the record.

Judgment affirmed.