## Kentucky Union Company v. Wm. Lovely and Delila Lovely.

(Decided February 22, 1918.)

### Appeal from Breathitt Circuit Court.

1. Appeal and Error—Defective Pleading.—Even though the petition be defective and this question be made on the second or third appeal, it is unavailing where the same question was presented upon a former appeal even though the opinion upon the first appeal make no reference to the question.

2. Appeal and Error—Law of the Case.—The opinion upon the first appeal is the law of the case not only with respect (1) to errors relied upon for a reversal upon the first appeal and which are mentioned in the first opinion; (2) to errors relied on but not mentioned in the opinion; but (3) also to errors appearing in the first record that might have been but were not then relied upon.

3. Boundaries—Possession—Junior Patent.—Where a daughter claims a boundary of land by inheritance from her father and which boundary is laid off from his landed estate and conveyed to her by the other heirs, the deed describing the tract and the outside boundary being carefully surveyed and marked, the daughter's residence within this boundary claiming the whole to exterior marked lines, is possession of the whole tract and junior patents afterwards issued covering portions of the boundary thus deeded to the daughter are unavailing.

4. Costs—Non-Resident Plaintiff.—While a non-resident plaintiff may be required to execute bond for cost the court properly refused to

require such bond in a case where the plaintiff, after the institution of the action, went for a visit to her son in West Virginia at the time entertaining a fixed purpose to return to her home in Kentucky.

SAM M. WILSON and O. H. POLLARD for appellant.

T. T. COPE and A. F. BYRD for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action was instituted in the Breathitt circuit court in 1898 by the Lovelys against the Kentucky Union Company, to recover the value of certain timber wrongfully taken, as it is charged in the petition, from lands claimed by the Lovelys.

. The Lovelys, plaintiffs below, allege that they are and were the owners of a certain tract of land, situated on the waters of Quicksand creek in Breathitt county, containing about 700 acres, which they say Mrs. Lovely inherited from her father, Thomas Hagains. Plaintiffs also rely upon adverse possession for title.

The defendant company traversed the allegations of the petition, averred title in itself, and exhibited a chain of title back to the Commonwealth. The pleadings have been lost two or three different times and supplied by agreement of the parties. Upon the first trial in the circuit court the Lovelys were awarded a verdict upon which judgment was entered; from that judgment the defendant company appealed to this court and a reversal was had upon a question of practice then presented. This opinion is found in 110 Ky. 295, and was rendered March 14, 1901. Upon a second trial in the circuit court a motion for peremptory instruction was sustained and the Lovelys appealed to this court, and the case was again reversed. This opinion is found in 151 Ky. 179, and was rendered December 12, 1912. Upon the third trial in the circuit court the Lovelys were awarded a verdict of fifteen hundred ($1,500) dollars for timber taken by the Kentucky Union Company, upon which judgment was entered and from which judgment the company appeals. It is now insisted by the appellant company that the description of the lands embraced in the petition is too indefinite and uncertain to sustain plaintiffs' contention of adverse possession. Since this case has heretofore been to this court twice, it is now too late to make this question

because of the well established rule that questions of this character must be regarded as settled by the first opinion. Upon the second appeal of this case special attention was called to the indefiniteness of the description in the petition, and while the opinion refers to this in a very brief way it nevertheless upholds the description as sufficient. In the recent case of Consolidation Coal Company v. Moore, 179 Ky. 293, this court in considering a similar question said: "We are not, however, at liberty to go into that question since it is thoroughly established that the opinion upon the first appeal is the law of the case not only with respect (1) to errors relied upon for a reversal on the first appeal and which are mentioned in the first opinion; (2) to errors relied on but not noticed in the opinion; but (3) also to errors appearing in the first record that might have been but were not then relied upon. McNeil v. Thompson, 27 Ky. L. R. 289; 84 S. W. 1145; C. & O. Ry. Co. v. Morgan, 129 Ky. 731; N. C. & St. L. Ry. Co. v. Henry, 168 Ky. 455.

"This rule applies to all cases where the opinion does not expressly state that a particular point is not passed upon and, an opinion upon a first appeal conclusively settled the questions of the sufficiency of the pleadings, the competency of the testimony, and its sufficiency to take the case to the jury. Illinois Life Ins. Co. v. Wortham, *supra.*"

Plaintiff's descriptive boundary is largely rested upon a deed which she claims was made to her by her brothers and sisters to a part of the boundary of land held and possessed by her father for many years before his death. The division was made in the '50's. Mrs. Lovely was married in 1860 or '61, and immediately moved upon the tract allotted to her. It contained about 700 acres and, according to her statement and that of some of her witnesses, was, before the making of the deed to her, run out and the boundary carefully marked. The deed describing the boundary was afterwards destroyed in a fire which consumed the court house at Jackson, Kentucky. It is admitted that the timber in controversy was cut from the 700 acre tract, but appellant company insists that as the patents under which it claims were issued upon surveys made covering parts of the tract upon which appellees Lovelys did not reside, their adverse possession was not effective as against such patents. According to the evidence of Mrs. Lovely and her witnesses she was

in the actual adverse possession of the 700 acre tract claiming it to a well marked and clearly defined boundary as one entire tract before the entry or survey of the tracts claimed by appellant company, and this being true the survey as well as the patent issued thereon to the predecessors of appellant did in nowise affect the title of Mrs. Lovely, nor does the fact that she did not reside in the lap or on that part of her boundary which appellant contends is covered by the patents, affect the case since it is admitted that appellant and its predecessors have never been in the actual possession of any part of the land within the 700 acre tract until shortly prior to the taking of the timber which is not the subject of this litigation. Kennedy v. Kennedy, 4 B. M. 396; Slusher v. Simpson, 23 Ky. Law. Rep. 2252; American Association v. Innis, 109 Ky. 595. There was sufficient evidence on the question of adverse possession to take the case to the jury, and to support the verdict.

Appellant company entered a motion for bond for cost on the ground that Mrs. Lovely at the time was a non-resident of the State of Kentucky. She was residing in the state at the time of the institution of the action, but afterwards went, as she claims, to visit her son in West Virginia. Mrs. Lovely insists that she is not a non-resident of the Commonwealth, but that she is only temporarily in West Virginia with one of her sons, and has at all times entertained a fixed purpose to return to her home in Kentucky. As residence is largely a matter of intention, we do not think the trial court erred in overruling the motion for bond for cost.

We are of opinion that the trial court properly submitted the questions of fact involved to the jury, and we find no error prejudicial to the rights of appellant.

·  The judgment is affirmed.