## Consolidated Coal Company v. Spradlin.

(Decided May 9, 1919.)

### Appeal from Johnson Circuit Court.

1. Appeal and Error—Law of the Case.—The opinion on the first appeal is the law of the case, not only with respect to errors relied upon for reversal on the first appeal and which are mentioned in the first opinion but to errors relied upon but not noticed in the opinion; and also as to errors appearing in the first record that might have been but were not relied upon.
2. Appeal and Error—Instructions.—The substance of the tendered instructions having been embraced in the instructions given it was not error to refuse to give the tendered instructions.

E. C. O'REAR, FOGG & KIRK, A. W. YOUNG and J. C. JONES for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

This is the second appeal in this case. The judgment on the first trial was reversed, because of error

in the instructions. On the re-trial of the case the lower court corrected the instructions in accordance with the opinion on the first appeal. 173 Ky. 229.

We are urged to reverse the second judgment on two grounds: (1) There should have been a directed verdict in favor of the defendant. This is on the theory that it was not the duty of the master to furnish the servant with a safe place in which to work, where the work the servant was doing constantly made the place in which he was working dangerous.

(2) Because of error in the instructions.

The facts are stated in the first opinion and there is no necessity for repeating them here.

Included in the grounds for a new trial, after the first verdict, was the alleged error of the court in not peremptorily instructing the jury to find for the defendant, both at the close of the plaintiff's evidence and at the close of all the evidence. On appeal this ground was not urged, but the case was briefed on the error of the court in the giving of instructions.

The opinion on the first appeal is the law of the case, not only with respect: (1) to errors relied upon for reversal on the first appeal, and which are mentioned in the opinion; (2) to errors relied upon but not noticed in the opinion; but (3) also as to errors appearing in the first record that might have been but were not then relied upon. See N. C. & St. L. Ry. Co. v. Henry, 168 Ky. 453; Consolidated Coal Co. v. Moore, 179 Ky. 293, and the authorities therein referred to.

In the former opinion the evidence was held sufficient to take the case to the jury. The evidence on the second trial being substantially the same as on the first trial, the question of appellant's right to a directed verdict must be regarded as having been settled adversely to its contention in the opinion on the former appeal.

Complaint is made because of error in the giving of instructions 1, 2 and 4, and the refusal of the court to give instructions A and B, the latter tendered by the appellant.

As to 1 and 2, these are literal copies of the instructions given on the first trial and which had heretofore been approved by this court. Instructions A and B embrace the defendant's theory of the case, and in the former opinion it was held the court erred in refusing to

give similar instructions, but instruction No. 4, which the court gave, embodies the substance, and in certain respects the identical language, of the tendered instruction. The appellant has. no ground for complaint on the instructions given.

Wherefore the judgment of the lower court is affirmed.