## Illinois Central Railroad Company v. Probus.

(Decided February 20, 1920.)

### Appeal from Hardin Circuit Court.

1. Appeal and Error—Former Appeal—Opinion.—The opinion on the former appeal is the law of the case as to all matters that could or ᵥ.ₐould have been raised, that is as to errors mentioned in the opinion; those relied upon, but not noted therein, and to errors appearing in the first record that might have been but were not relied upon.

2. Master and Servant—Federal Employers' Liability Act.—Recovery under the Federal Employers' Liability Act can not be had unless at the time of the infliction of the injury the employe was engaged in interstate commerce and the employer was an interstate carrier.

3. Master and Servant—Personal Injuries—Interstate Commerce.— Where a railroad employe is injured in loading rails and it is not shown that said rails were ever thereafter put to use or employed in interstate commerce, plaintiff is not entitled to recover. It is essential to recover under the Federal Act that his injury was

received while employed by the company in the performance of work pertaining to or connected with interstate commerce.

TRABUE, DOOLAN, HELM & HELM, W. A. ARNOLD and W. A. FAUREST for appellant.

HAYNES CARTER for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

While employed by defendant (appellant) on February 22, 1916, in loading rails on a freight car plaintiff sustained certain injuries for which he sought damages. At the conclusion of the evidence introduced by plaintiff on the first trial the court peremptorily instructed the jury to find for the company. An appeal was taken and in reversing the lower court in an opinion found in 181 Ky. 7, in which the facts are given more in detail, we held the evidence sufficient to take the case to the jury. Upon a retrial there was a verdict in plaintiff's favor and defendant has appealed.

The opinion on the first appeal is the law of the case as to all matters that could or should have been raised, i. e., to the errors mentioned in the opinion; to those relied upon but not noted therein, and to the errors appearing in the first record that might have been, but were not relied upon. Consolidated Coal Co. v. Spradlin, 184 Ky. 209, 211 S. W. 735, and cases therein cited. Therefore, if the evidence on the second trial had been the same as on the first trial, no other errors appearing, an affirmance would be ordered, but an examination of the record convinces us the evidence is not the same. In the former opinion the court said the evidence was not altogether satisfactory as to whether at the time of his injury plaintiff was engaged in intrastate or interstate commerce, but sufficient, however, to submit that question to the jury under proper instructions.

The opinion begins with the statement that plaintiff was engaged as one of a crew of men handling steel which was being loaded and unloaded upon and along the company's main tracks in Hardin county. This statement was evidently based upon an answer to a question propounded to plaintiff wherein he said:

"A. Yes, sir; they put them in the main track, that is what they said they did in places where they needed them, we unloaded several."

This information came from the section foreman. If at the time of his injury, plaintiff was handling rails that were later used on the main line of the company, an interstate carrier, the issue was one cognizable under the federal act, and this evidence made out a case for the jury.

Plaintiff was first employed by the company on February 21, the day preceding the accident, on which day it is testified the crew of which he was a member was engaged for practically the entire day in loading and unloading rails along the company's right of way. On the following day, plaintiff says they unloaded certain rails before reaching Dugans, the station at which the rails were stacked, during the loading of which he was injured. The stacks at Dugans contained 54 pound rails only, and the record is replete with statements of witnesses, both for plaintiff and defendant, that rails of this weight were not then being used by the company. Neither plaintiff nor any other witness, other than as hereinafter noted, undertake to explain what became of the rails that plaintiff, and members of the crew, were loading at the time of the injury. Before reaching Dugans plaintiff testifies that the foreman, in referring to certain rails then on hand said:

"Throw them off I'm going to use every one of them here on the Hodgenville branch."

The foreman denies making any such statement, but be this as it may, the reference, if made, could only have been directed to the rails unloaded the morning of the accident and before they reached Dugans. According to defendant's witnesses, and to several of those introduced by plaintiff no 54 pound rails were ever thereafter used on the Hodgenville branch, or on any other portion of the company's main line, or sidings; the lighter rails were being replaced with much heavier ones. While plaintiff testified that the stack upon which he was working at Dugans contained rails of various weights and lengths he nowhere says these rails were subsequently used by the company; nor does he testify that the foreman said he was going to use any of these rails on the Hodgenville branch.

The testimony on the two trials is substantially the same. However, it was not made clear on the first trial to what rails the foreman referred when he spoke of their future use. But all doubt on this point was removed on

the second trial, since plaintiff himself, as well as other witnesses, made it plain that this remark, if made, could only have referred to the heavier rails handled on the 21st, or on the 22nd, and before the train reached Dugans. It matters not to what use those rails were put, plaintiff was not injured while handling them; our inquiry is directed to the rails at Dugans, and the company's supervisor is the only one who undertakes to tell what became of these rails. He says he was informed the company had sold them and he was instructed to deliver them at Cecilia for shipment, but being unable to state of his own knowledge to whom they had been sold, further questioning along this line was not permitted by the lower court.

As said in the former opinion:

"One may not have a recovery for injury under the Federal Employers' Liability Act unless he was at the time of the infliction of the injury engaged in interstate commerce, and the employer (railroad) was an interstate common carrier."

In referring to Shanks v. D. L. & W. R. Co., 239 U. S. 560, 60 L. Ed. 436, L. R. A. 1916 C 797, 36 Sup. Ct. Rep. 188, and other cases the opinion continues:

"The true test always is, is the work in question a part of interstate commerce in which the carrier is engaged?"

Or as pointedly said in Chicago, Burlington & Quincy R. R. Co. v. Harrington, 241 U. S. 177:

"So, also, as the question is with respect to the employment of the decedent at the time of the injury it is not important whether he had previously been engaged in interstate commerce, or that it was contemplated that he would be so engaged after his immediate duty had been performed. That duty was solely in connection with the removal of the coal from the storage tracks to the coal shed, or chutes, and the only ground for invoking the federal act is that the coal thus placed was to be used by locomotives in interstate hauls."

In that case it was sought to hold the company liable under the federal act because the decedent, a member of a switching crew, was engaged at the time of his death in switching coal to be used on locomotives of all classes, those engaged alike in interstate and intrastate traffic. The court held there was no such connection with interstate commerce in taking the coal to the coal chutes as to

bring the case within the rule laid down in Shanks v. D. L. W. R. R. Co., *supra.* See also Southern Pac. Co. v. Industrial Acci. Comm. U. S. Adv. Aps. 1919-20, p. 154.

Coons v. L. & N. R. R. Co., 185 Ky. 741, 215 S. W. 946, presents facts quite similar to those found in this record, and following the former opinion in this case (181 Ky. 7) we held the case was for the jury. It was shown in the Coons case that the rails being handled at the time of the injury were for use in the company's yards at Hazard, which yards were used for interstate and intrastate traffic, thus making a case under the federal law, but no such facts are presented by the present record. The evidence on this appeal presents a case within the rule laid down in I. C. R. R. Co. v. Kelly, 167 Ky. 745, 181 S. W. 375, where recovery was denied an employe injured while loading rails to be stored, and which were not shown to have thereafter been used in interstate business, the court holding that in the performance of such services the employe was not engaged in interstate commerce. We quote from said opinion as follows:

"Under the interpretation given the federal statute in the case, *supra*, it is manifest that if appellee had been injured while unloading rails that were to be used, and were later used, in repairing appellant's railroad track, there could have been no doubt of his right to maintain the action under the Federal Employers' Liability Act; but such was not the case. The rails, by one of which he was injured, had been removed from the track and new ones put in their places several days before he was injured. . . . In view of this situation, we are unable to see how the later work of gathering up these old rails for the purpose of storing them elsewhere, or, perhaps, selling them as scrap steel, can in any sense be considered as a repairing of the track, or as necessary to appellant's engaging in interstate commerce. In other words, the evidence fails to show that there was any duty resting upon appellant as a carrier of interstate commerce to remove the rails."

To the same effect is C. N. O. & T. P. Ry. Co. v. Hansford, 173 Ky. 126, 190 S. W. 690; Shephard's Adm'x v. I. C. R. R. Co., 172 Ky. 337, 189 S. W. 237; I. C. R. R. Co. v. Behrens, Admr., 233 U. S. 473, wherein, after referring to section 1 of the Federal Employers' Liability Act of 1907, the court says:

"Giving to the words 'suffering injury while he is employed by such carrier in such commerce' their natural meaning, as we think must be done, it is clear that congress intended to confine its injuries occurring when the particular service in which the employe is engaged is a part of interstate commerce."

And as further said in Pedersen v. Delaware, Lackawanna & Western R. R. Co., 229 U. S. 146:

"There can be no doubt that a right of recovery thereunder arises only where the injury is suffered while the carrier is engaged in interstate commerce and while the employe is employed by the carrier in such commerce."

Satisfied, as we are, that plaintiff wholly failed to show that the rails he was loading at the time of his injury were subsequently used or employed in interstate commerce, following the adjudications of this court and the Supreme Court of the United States it is manifest that plaintiff failed to make out a case and the court should have instructed the jury to peremptorily find for defendant.

The conclusions herein reached renders unnecessary the discussion of other points urged. Upon the next trial, if the evidence be the same as on the present trial, the court will direct a verdict for defendant.

The judgment is reversed for further proceedings consistent herewith.