# Sowders v. Coleman, et al.

(Decided February 21, 1923.)

## Appeal from Ohio Circuit Court.

1. Appeal and Error.—The doctrine of the law of the case is founded on the policy that there should be an end to litigation, and cases may not be presented by piecemeal.

2. Appeal and Error.—The "law of the case" doctrine is that one adjudication settles all errors relied on for reversal, whether mentioned in court's opinion or not, and all errors lurking in the record on first appeal which might have been, but were not expressly, relied on.

3. Appeal and Error.—Questions as to seller's right to peremptory instruction for want of evidence sustaining either of two possible constructions of warranty sued on, and merger of oral warranties in note for price, held, settled, under law of case doctrine, by decision on former appeal reversing judgment for seller.

4. Appeal and Error.—Opinion on former appeal that there was sufficient evidence of seller's breach of contract to retire from breeding business in competition with purchasers of jack to take case to jury, and evidence on last trial of damage directly resulting therefrom, held to warrant instruction on measure of damages therefor.

5. Witnesses.—In actions on notes for price of jack and for damages by seller's breach of contract to retire from breeding business in competition with purchasers, buyer's testimony from his own knowledge, refreshed by record books kept by others, that certain mares inspected by him were not with foal, held admissible.

6. Witnesses.—Witness may testify from his personal knowledge, with aid of books or memoranda made by others for purpose of refreshing his recollection.

7. Sales.—Verdict allowing $600 damages for breach of warranty of jack on evidence authorizing finding that he would have been worth that much more than purchase price had he been as warranted, and for seller's breach of contract to stay out of breeding business in particular locality, held not excessive.

D. B. RHOADS, GLOVER H. CARY, J. S. GLENN and KIRK & BARTLETT for appellant.

BARNES & SMITH and HEAVRIN, HEAVRIN & MARTIN for appellees.

Opinion of the Court by Judge Willis—Affirming.

R. P. Coleman and eleven other plaintiffs sued George Sowders in the Ohio circuit court to recover damages for the breach of a contract alleged to have been made by Sowders with plaintiffs for the purchase of a jack named Mountain Boy. Sowders sued Coleman and seven others on notes executed by them to him for a part of the purchase price of the jack. They defended on the same grounds asserted in their suit against Sowders. The cases were heard together, and judgment was rendered in favor of Sowders for $400. On appeal to this court, that judgment was reversed. Coleman v. Sowders, 206 Ky. 841, 268 S. W. 579. Upon return of the case, amended pleadings were filed, as allowed by the opinion of this court, and the case was again tried, resulting in a judgment offsetting the damages claimed by Coleman and his associates against the notes held by Sowders.

On this appeal by Sowders a number of questions are argued which are precluded by our former decision in the case. The doctrine of "the law of the case" is founded upon the policy that there should be an end to litigation, and cases may not be presented by piecemeal. It is a sound policy, and well developed and understood in this jurisdiction. The doctrine, as defined by the decisions, is that one adjudication settles all errors relied upon for a reversal, whether mentioned in the opinion of the court or not, and all errors lurking in the record on the first appeal which might have been, but were not expressly, relied upon as error. Consolidation Coal Co. v. Moore, 179 Ky. 293, 200 S. W. 458; Ky. Union Co. v. Lovely, 179 Ky. 461, 200 S. W. 950; Cumberland R. R. Co. v. Girdner, 184 Ky. 379, 212 S. W. 105; C. N. O. & St. P. Ry. Co. v. Perkins' Adm'r, 193, Ky. 209, 235 S. W. 776; Ware v. Saufley, 203 Ky. 276, 262 S. W. 262.

Appellant argues: (1) That he was entitled to a peremptory instruction in his favor, because the warranty sued upon was susceptible of two constructions, and that the evidence did not sustain either construction; (2) that the instructions were erroneous, or not authorized by the evidence; (3) that the words of warranty expressed before the notes were given, being mere oral negotiations, were merged in the written contract consisting of the notes; (4) that incompetent evidence was

admitted against him; and (5) that the verdict of the jury awarded excessive damages.

It is apparent at a glance that all of these questions are settled by the decision on the former appeal, except the complaints of instruction No. 5 not given on the first trial, of incompetent evidence, and of excessive damages.

We will dispose of these remaining questions in the order stated.

The fifth instruction defined the measure of damages for breach of the contract to retire from the breeding business in competition with the purchasers of the jack. The instruction correctly gave the measure of damages, but it is insisted there was no evidence upon which it could be predicated. The former opinion of this court expressly held that there was sufficient evidence of a breach of this agreement to take the case to the jury, and on the last trial there was ample evidence of damage directly resulting therefrom to warrant the court in submitting that issue to the jury and to sustain its verdict. The same evidence in this particular was offered on the second trial as appeared on the first. The lower court ruled rightly in dealing with this issue on the last trial.

The evidence complained of as improper was the testimony of Coleman, in so far as he relied upon record books kept by others. The record shows that he was testifying from his own knowledge, and used the books merely to refresh his recollection. On the former appeal, it was held that the witness could not testify to the effect that certain mares were not with foal, where his only knowledge was derived from a refusal of the owner of the mare to pay for the services of the jack, or where the witness was told the mare was not in foal; but this error was corrected on the second trial, and the witness was only permitted to testify to facts within his personal knowledge derived from an inspection of the mares.

A witness may testify from his personal knowledge, and may use books or memoranda made by others for the purpose of refreshing his recollection. Hines v. May, 191 Ky. 493, 230 S. W. 924; Wigmore on Evidence, secs. 758-764.

We are satisfied that the evidence complained of was competent for the purpose for which it was heard, and no error was committed in that respect.

The insistence that the verdict awarded excessive damages is without merit. The amount due Sowders on

the notes was $600, with interest, and this was entirely extinguished by the damages allowed appellees. There was proof from which the jury could find that, if the jack had been as warranted, he would have been worth that much more than the purchase price. In addition to this, the jury was justified in assessing damages for breach of the contract to stay out of the breeding business in the locality involved. It cannot be known how the jury arrived at the result it reached, but the proof is ample to sustain it. We are not at liberty to presume that the jury fixed the damages too high on either branch of the case, when the entire allowance was well within the limits authorized by the law and the evidence.

Upon a consideration of the whole record, it is clear that no reversible error was committed on the trial.

Judgment affirmed.