## City of Louisville v. River Excursion Co. et al.

(Decided Feb. 23, 1934.)

ROWAN HARDIN for appellant.

LEO J. SANDMANN for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This action is before us on a second appeal, this time prosecuted by the city of Louisville, defendant below, from a judgment of the Jefferson circuit court against the city for $1,200 and interest.

The facts of the case are fully set out in the opin-

ion rendered upon the former appeal, reported in 244 Ky. 811, 51 S. W. (2d) 470, 471.

Appellant by counsel stresses and insistently argues: (1) That the suit brought against the city of Louisville to recover certain license fees it paid to the commissioners of the sinking fund of the city should have been instituted against the commissioners and not against the city, with the result that there was a defect of parties in this suit as brought; (2) that it was not proven that the plaintiff River Excursion Company was incorporated, though the fact of its incorporation was put in issue by defendant's. pleadings expressly denying it; and (3) that the alleged fact, also put in issue by the pleadings, was not proven, that the steamer America, belonging to the River Excursion Company and upon which it is shown to have paid the certain license taxes sued for to the commissioners of the sinking fund, "had been duly enrolled and licensed by the Customs, Admiralty and Maritime Departments of the United States to operate upon the navigable streams of the United States and particularly the Ohio River."

The facts of the case, as recited in the opinion of this court referred to supra, are that the "River Excursion Company, Inc., Streckfus Steamers, Inc., Louisville & Cincinnati Packet Company, Inc., and Coney Island, Inc., were engaged in interstate commerce, operating boats carrying passengers on excursions to and from the wharf in the city, for and during the years 1920, to and including 1930. The Louisville & Cincinnati Packet Company and the River Excursion Company paid under the ordinance license fees aggregating $4,800; Streckfus Steamers, Inc., paid during these years $20, and Coney Island, Inc., $50."

It further appears that these license fees were paid to the commissioners of the sinking fund under and pursuant to an ordinance passed by the city prior to January 1, 1920, whereby the tax was imposed, and it was also provided that:

"Upon the failure of any.person, firm or corporation to take out such license it should be the duty of the treasurer and secretary of the sinking fund or any assistant license inspector of the city to procure or cause to be procurred the issuance of a warrant of arrest for each violation thereof, and to cause such offender to be prosecuted thereunder."

After having paid these license fees from 1920 to 1930, as stated, for the operation of their excursion steamers out of the port of Louisville, they claimed that the levy of these license fees made upon them under the said ordinance was illegal and void, in that their steamers, for which the license tax was demanded and paid, had been enrolled and permits issued them by the Customs, Admiralty, and Maritime Departments of the United States to operate on the navigable streams of the United States.

Asserting this claim, rejected by the city, they filed suit in the District Court of the United States at Louisville on January 8, 1930, attacking the ordinance supra on the grounds stated, that they were regularly enrolled and licensed to engage in the coasting trade under the laws of the United States, and that such license empowered them to engage in the business designated by the said ordinance, and therefore the ordinance was void as to them, with the result that the city was unlawfully demanding of them payment of the license fees provided by it. On June 16, 1930, it was adjudged by the court that the city was without right to require them to pay the license fees imposed by its said ordinance and an injunction was awarded them restraining the city from doing so. Thereupon, on August 15 following, the said plaintiff companies, by counsel, made written demand upon the city for repayment to them of the license fees they had paid the city under the ordinance, upon the ground that same had been paid it under mistake of law and compulsion, in order to avoid the penal provisions of the ordinance, which had been by the federal court adjudged void as to them.

The city disclaiming liability therefor and declining to make repayment of the fees paid by these companies under the ordinance, the said companies filed this suit in the Jefferson circuit court against the city of Louisville, wherein the facts were set out substantially as stated, and asked judgment for the amount of license fees, plus interest, paid by them to the commissioners of the sinking fund of Louisville, between the years 1920 and 1930, aggregating something more than $6,000.

To this petition, the defendant city filed a special demurrer, upon the ground that the suit should have been prosecuted, not against it, but against its sinking fund commissioners, which it alleged was a separate and distinct corporation, to which these license fees had

been paid by plaintiffs and which had been retained and expended by it for the one and distinct purpose of its creation. This special demurrer, grounded on defect of parties, was overruled by the lower court, when a general demurrer was filed to the petition, which was sustained by the trial court and the petition dismissed. Thereupon the first appeal of this action was prosecuted therefrom by the appellee companies, the plaintiffs below....

Upon this first appeal, it was held by the court that the appellants had paid these license fees under an ordinance providing a penalty for thus engaging in their steamboat excursion business without a license and that their payment of the required license fees was an involuntary payment by the appellants and recoverable by them—the five-year statute of limitations (Ky. Stats. sec. 2515) having been pleaded to their claim—to the extent they had been paid during the five years next before a demand was made or action instituted for their recovery. It appears that no cross-appeal was taken by the city of Louisville from the judgment of the lower court in overruling its special demurrer, and, though such demurrer and ruling thereon were embraced in and became a part of the record before the court upon this appeal, it does not appear that any review or reversal of the order was made or asked for thereon by the city. However, upon a reversal of the judgment sustaining the city's general demurrer to the petition and the remand of the case to the lower court, with the direction that it be overruled, the plaintiffs filed an amended petition, for the alleged purpose of conforming their action with the opinion of the court. Defendant city filed answer thereto, wherein it again pleaded the matter previously set out in its special demurrer, to the effect that plaintiffs had erred in suing the city or in making it, rather than the commissioners of the sinking fund, the defendant in the action, for the reason it alleged again, that it was a separate corporation, distinct from the city, and was so made and constituted by sections 3010-1 to 3024a-10 inclusive, Kentucky Statutes, creating it and defining its duties and powers; and, therefore, it pleaded that there resulted a defect of parties in the action as brought, through plaintiffs' failure to make the commissioners of the sinking fund defendant in the action rather than the city.

By further paragraph it denied the due incorpora-

tion of the plaintiff companies, alleged in their petition, and of their payment to it of the license fees in question, which, it alleged was admitted, were paid to the commissioners of the sinking fund. It denied, also, that the plaintiff companies had been duly enrolled and licensed by the Customs, Admiralty, and Maritime Departments of the United States, as they averred, to operate their steamers upon its navigable streams, and particularly the Ohio river. Further, by paragraph 3, it pleaded the five-year statute of limitations to plaintiffs' claim to recover the license fees paid it during the ten years next prior thereto, and alleged that their claim to recover was barred by the said statute except as to those license fees paid by them within the five years next before the date on which they had made written demand upon the city; or instituted an action, for their repayment.

By paragraph 4 of its answer, the defendant city affirmatively alleged that the plaintiffs were estopped to plead the invalidity of the ordinance as to them and under the provisions of which they had paid the license fees, for the reason, it averred, that the plaintiffs had, prior to January, 1920, when plaintiffs were making and using Louisville as their home port, complained to it that they were being disturbed and injured in the prosecution of their excursion business out of said port by the coming in and hurtful competition of "tramp steamers" and requested the commissioners of the sinking fund to have the city enact the ordinance in question, imposing a license fee upon steamers doing an excursion business from the river port of Louisville; that they would willingly pay the imposed license fees requested for the protection and profit thereby provided them in their business; and that the city did, in response to such request, enact the ordinance and under which plaintiffs continued to willingly pay the license fees thereby provided to its commissioners during the named years following, or until they removed from the Louisville port, when these suits were instituted by them, as stated, in the federal court to enjoin the collection of the license fees provided for by the ordinance and in the Jefferson circuit court for the recovery of those they had paid the sinking fund commissioners thereunder.

To this answer plaintiffs filed demurrer to its every paragraph, which was sustained as to its paragraphs 1 and 3 and overruled as to its paragraphs 2 and 4, plead-

ing defect of parties and estoppel respectively. Further, they filed a reply and plea of res adjudicata thereto, whereby they alleged defendant was attempting by the pleas of its answer to relitigate matters, which had been previously heard and decided upon the same questions and between them, the same parties, both in the federal court and in this court, wherein it was held that the five-year statute of limitations pleaded by defendant should embrace and apply only to the five-year period next preceding the plaintiffs' making of demand or filing of action for recovery of the license fees paid. Plaintiffs further pleaded that, as they had filed their action in the federal court attacking the ordinance on January 8, 1930, the five-year statute of limitations would extend back from January, 1930, when their injunction suit was filed, and would thus embrace and entitle them to recover the license fees of $600 paid in the year 1925, as coming within such five-year period, upon the ground that their suit attacking the ordinance was a suit filed, within the meaning of the court's ruling, for the recovery of the license fees. Further, it replied, that as to the claimed defect of parties alleged and pleaded in the answer, such matter became res adjudicata under the opinion of this court rendered upon the first appeal, as likewise were the matters pleaded in the answer denying the incorporation of the plaintiffs and the due enrollment and licensing by the federal government of their named steamboats, upon which the license fees imposed by the ordinance had been paid.

Upon a hearing of the cause, a directed verdict for $1,200 and interest, from the time of plaintiffs' demand upon the city for repayment of license fees paid it, was returned, upon which judgment was duly entered.

From this judgment, the appellant, city of Louisville, has prosecuted this appeal, seeking its reversal upon the grounds hereinabove first named.

Considering and disposing of the first of appellant's contentions, to the effect that the suit should have been against the commissioners of the sinking fund and not against the city, it is sufficient to say in response to this that this point is now raised without merit, in that we are of the opinion that its adverse determination was made upon the former appeal, when the special demurrer raising this same question was before the court as a part of the record and when same was not then.

insisted upon or argued by appellant, nor was it presented and insisted upon by any cross-appeal from the lower court's order overruling this special demurrer. Clearly this contention was embraced within the law of the case rule and was thereby determined as "lurking within the record," even though not expressly discussed or dealt with in the opinion. As said by this court in the case of Sowders v. Coleman et al., 223 Ky. 633, 4 S. W. (2d) 731:

"The doctrine, as defined by the decisions, is that one adjudication settles all errors relied upon for a reversal, whether mentioned in the opinion of the court or not, and all errors lurking in the record on the first appeal which might have been, but were not expressly, relied upon as error."

To like effect was it said in Yates v. Stevenson, 193 Ky. 37, 234 S. W. 747:

"Moreover, the former opinion, impliedly at least, held the pleadings sufficient, and the parties are bound thereby under the 'law of the case' rule."

We will next consider together the further contentions 2 and 3 argued by appellant, that the incorporation of the appellees was not proven upon the trial, nor was it properly proven that the steamer America, the property of the River Excursion Company, was duly enrolled and licensed by the Customs, Admiralty, and Maritime Departments of the United States. While these grounds of alleged error are very extensively and earnestly insisted upon by counsel for appellant, we are constrained to conclude that they too cannot be sustained. It is to be noted that this action, here appealed, involved the determination of this very question, affecting this same property and was between the very same parties as were involved in the injunction suit before the District Court, wherein the appellees attacked the ordinance as being void as to them, upon the express ground that they were incorporated companies, owning these same steamboats, which had been legally enrolled and licensed by the United States Customs, Admiralty, and Maritime Departments to operate an excursion business from out the port of Louisville during this same period of years. Also, it was expressly admitted by the answer of the appellant city in that suit that the plaintiffs had been incorporated, it being stated therein that:

"The respondent, City of Louisville, for answer to so much of the petition as it is advised is necessary, admits the various statements in the petition as to the incorporation of the plaintiffs and of the defendant."

Based upon such admission of the record, the learned chancellor therein embraced in his judgment, awarding the injunction, the fact of the incorporation of the appellee companies in the following language:

"It is therefore ordered and decreed that the defendant, City of Louisville, be perpetually enjoined from collecting or attempting to collect any part of the license fees referred to in the petition on the steamer 'Washington,' owned by the plaintiff, Streckfus Steamers, Inc., the steamers, the Island Queen and the Island Maid, owned by Coney Island, Inc., and steamer America, owned by River Excursion Company, Inc.'

Further, it is shown that in the same suit, the city also stipulated that all of these boats "have all of the proper licenses and permits from the Customs Department and the Admiralty and Maritime Departments, the Registrar of the Ports and the Customs Inspector's Office, and have complied with all laws and rules of the United States Government, and its various departments by reason of which the above licenses and permits were issued, and that the said licenses and permits allowing boats of the petitioners herein to do a general coasting trade, including the operation of steamboats over and upon all of the navigable streams of the United States.'"

On the basis of this stipulation, the learned chancellor, in his memorandum opinion made a part of this record, said:

"These boats at all times have been and are now regularly enrolled and licensed to engage in the coasting trade under the laws of the United States, in accordance with the provisions of chapter 12, title 46 USCA [section 251 et seq.]."

It would thus clearly appear from the admissions of the record and the adjudication made thereon by the learned chancellor that these questions, here urged for reversal, were therein determined and became res adjudicata for the purposes of this suit, which is between the same parties and upon the same questions as to the same property.

As to the question of estoppel pleaded by appellant in its answer and as to which appellee's demurrer filed thereto was overruled, we are of the opinion that, as the same was apparently disregarded by both of the parties and the court—and is not here argued—it is here waived.

We are, therefore, after a very careful review and consideration of the questions here presented, of the opinion—for the reasons hereinabove indicated—that the judgment of the trial court should be, and it is, affirmed.