## Eigelbach v. Roppel.

June 18, 1940.

Eugene Hubbard, Judge.

Finley F. Gibson, Jr., for appellant.

Bruce & Bullitt and William Alpha Hubbard for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Most of the essential facts necessary to an understanding of the matters involved on this appeal are set out at length in an opinion on a former appeal of the case which is reported in 263 Ky. 604, 92 S. W. (2d) 764, reference to which will save reiteration.

After the filing of the mandate reversing the judg-

ment on former appeal, defendant, over objections of plaintiff, was permitted to file an amended answer, the first paragraph of which again pleaded in effect that the original note was executed under an agreement and understanding between the defendant and Collins-Moore & Company that it would not become effective or constitute an obligation of the former unless the proposed merger of the Henry Fischer Packing Company with another concern was consummated.

In a second paragraph it was alleged that the notes sued on were given in renewal of the original note, delivered conditionally in March, 1929; that at the time the original was given, Collins-Moore & Company purported to have bought for defendant 100 shares of Metals & Mining Corporation stock which was never delivered to defendant but were sold by Collins-Moore & Company in July, 1929, for more than the amount of the notes with interest and that such sale constituted payment in full of the notes and interest; that the renewal notes of November 1929 sued upon were made by defendant in ignorance of the true facts that the indebtedness represented by the notes had been fully paid by the proceeds of such securities in July, 1929; that Collins-Moore & Company falsely and fraudulently represented to defendant that on July 26 they purchased for him 640 shares of Allegheny Gas Corporation stock and procured a renewal of the notes sued upon by such representations which were false and fraudulent and known to Collins-Moore & Company to be so, but which defendant relied upon to his detriment; that Collins-Moore & Company did not purchase the Allegheny Gas Corporation stock or any part thereof and never at any time made any tender or delivery thereof to defendant, and that there was no consideration but a total failure of consideration by reason thereof for the notes sued upon.

The court sustained a motion to strike and ordered that the first paragraph of the amended answer be stricken but overruled the motion as to the second paragraph. The issues were completed by reply traversing the second paragraph of the amended answer. Trial resulted in a verdict and judgment for the defendant and plaintiff is again appealing.

It is argued by counsel for appellant (1) that the law of the case rule is applicable and controlling; and

that the court erred in overruling motion for a peremptory instruction and in giving instructions 1 and 2; (2) that the court erred in overruling appellant's motion to strike paragraph 2 of appellee's amended answer which was filed after reversal of the judgment.

Appellant maintains that every question presented or involved in the last trial of the case was before the court on the first appeal; that on the first trial appellant offered instructions which were not given but which were in substance and effect the same as the instructions given on the second trial; that counsel for appellee on the first appeal argued that the instructions offered but refused by the court were authorized by pleading and proof and that therefore appellee is precluded by the opinion on the first appeal and the court erred in overruling his motion for a directed verdict.

The cases of Sowders v. Coleman, 223 Ky. 633, 4 S. W. (2d) 731; Chesapeake & O. R. Co. v. Pack, 204 Ky. 9, 263 S. W. 354; City of Louisville v. River Excursion Company, 253 Ky. 95, 68 S. W. (2d) 792, and a number of other cases from this jurisdiction which are cited, hold in effect that all questions presented and properly before the appellate court on one appeal are conclusively settled, although some of them may not be referred to in the opinion, and that the law as determined on a former appeal, whether right or wrong, is binding upon the court on subsequent appeal.

It will be noted from the reading of the opinion on the first appeal that it was held that as a general rule, and in the absence of pleading and proof of fraud or mistake, oral evidence is inadmissible to change or modify a complete written contract; and the judgment was reversed for a new trial because the court below erred in submitting the cause on the instructions given.

Reference was made in the opinion to the evidence concerning the purchase, delivery and sale of the Metals & Mining stock and the contention concerning the purchase of the Allegheny Gas stock. As to the former there was only a statement as to what the proof tended to show and as to the latter it was said that the proof was not definite, so it will be seen that the court did not pass upon these matters but inferentially left them open. It will also be noted that the opinion did not pre-

clude the submission of the case on instructions bearing on other issues, but only held that it was error to submit the cause on the instructions given.

In the case of Schrodt's Ex'r v. Schrodt, 189 Ky. 457, 225 S. W. 151, 154, the court determined contentions concerning the filing of the amended pleading and the law of the case rule adversely to appellant's contention. The opinion in that case discussed the law of the case rule as set forth in the authorities cited by appellant, but held that:

> "This rule of practice, however, should not be applied to the party who succeeds in the lower court and does not ask a new trial, or who loses in this court on the appeal of his adversary."

The opinion further held that under Section 134 of the Civil Code of Practice the court may at any time and in furtherance of justice permit a pleading to be amended as therein set out and that such section applies to proceedings in the trial court in cases sent back by this court for retrial, except in such particulars as this court may have directed the trial court how to proceed. Under the holding in the Schrodt case appellee on the retrial of the case had the right to file an amended pleading making any allegation of the former pleading more definite, certain and specific, or even to raise a new issue, so in any event it is apparent that the court did not err in permitting the amended pleading to be filed. The Schrodt case was cited with approval in the recent case of Bessire & Co. v. Day's Adm'x, 268 Ky. 87, 103 S. W. (2d) 644.

We are therefore constrained to hold that the law of the case rule does not apply nor do we think the court erred in permitting the amended pleading to be filed or erred in overruling appellant's motion for a directed verdict. It is unnecessary to detail evidence referred to in the former opinion. Most of the records of Collins-Moore & Company had been misplaced and could not be or were not produced on the first trial, and many facts concerning its stock transactions were presented by appellee on second trial of which he did not know and had no means of knowing on the first trial. 640 shares of Allegheny Gas Corporation stock which it was claimed had been purchased and held by Collins-Moore & Com-

pany for appellee were produced on the second trial, but the stock was not made out to him and it was conclusively shown that at least 200 shares of it were purchased as late as 1932, which was long after the notes sued upon were executed, and when the stock was practically worthless. There are many other facts and circumstances tending to refute claims of appellant concerning the stock transactions.

On the whole it is our conclusion that there was ample evidence to take the case to the jury and to support the verdict, and that the issues made by pleading and proof were properly submitted to the jury.

Judgment affirmed.

Whole court sitting, except Judge Rees.