## John B. Carter Company v. Cox.

(Decided September 23; 1914.)

### Appeal from Estill Circuit Court.

1. Evidence—Submission to Jury.—Where the proof upon a question in issue is contradictory, the decision of the issue should be submitted to the jury.
2. Instructions—Plea of Contributory Negligence.—Where a plea of contributory negligence is not sustained by any proof, the jury should not be instructed upon that issue.
3. New Trial—When Party Entitled to—Agreement to Retry Does Not Give Parties Right to.—A party to an action is entitled to a new trial only when his rights have been prejudiced in the trial. If the rights of neither party have been prejudiced in the trial, there is no reason for granting a new trial; and the agreement of the parties to retry their case does not give them the right to do so.

SAM HURST for appellant.

GRANT E. LILLY and W. H. LILLY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

In July, 1913, the appellee Cox was working as the helper of Chaney in operating a well drill. Bates was operating another drill about 22 feet from the first drill, with Brinegar as his helper.

Wade, the superintendent of the drills, sent Brinegar to get water for the hands, and directed Cox to fire both drills during Brinegar's absence. Bates called Cox to assist him in examining his drill, which was not working satisfactorily. At the suggestion of Bates, Cox went to the top of the drill to tighten the hammer or head of the drill which had become loose. By using his hands Cox tightened the head of the drill as best he could and descended to the ground, and was standing by the side of the drill when Bates again started it. The top of the drill was pulled off and the stem dropped to the ground, striking Cox and injuring him. Cox was

badly bruised on the right side from his hip to his shoulder blade; three of his ribs were broken, and he was injured internally. He remained in bed 24 days, and his recovery was slow. It now appears that his right leg is shorter than his left leg.

Cox brought this action to recover damages for his injuries, and having recovered a judgment for $1,500.00, the defendant appeals.

The petition rests the cause of action solely upon the defendant's failure to keep the machinery in repair, and defendant's consequent failure to furnish the plaintiff with a safe and sufficient appliance. The answer contained a traverse and a plea of contributory negligence.

At the close of the plaintiff's testimony, the defendant asked the court to peremptorily instruct the jury to find for the defendant, and the court having overruled that motion, the defendant presented no proof but contented itself with trying the case upon the proof introduced by the plaintiff. Defendant asked an instruction upon contributory negligence, but the trial court refused to instruct upon that subject.

Appellant seeks a reversal upon three grounds: (1) that the trial court erred in overruling defendant's motion for a peremptory instruction; (2) that it again erred in refusing to instruct upon the subject of contributory negligence; and (3) that, since both plaintiff and defendant asked for a new trial, it was the court's duty to grant it.

1. The motion for a peremptory instruction was properly overruled. The proof showed that the head or cap of the drill weighed between 180 and 200 pounds; that it was working badly, and to such an extent as to cause Bates, who was in charge of it, to call for the assistance of Cox in repairing it. Cox was not only a "man of all work," but was directed by Wade, the superintendent of both drills, to help Bates during the absence of Brinegar. Cox was, therefore, clearly within the line of his duty in attempting to tighten the top of the drill.

It appears, moveover, from the testimony of Muncy that the threads on the top of the drill were worn and insufficient to hold the top in its place; and that being true, there was evidence to take the case to the jury upon the question of a defective appliance. It is argued for appellant that the testimony of the other witnesses shows

the drill was in good order. That was a question, however, for the jury under the contradictory proof; and there being proof upon both sides of the proposition, the court properly submitted it to the jury.

2. Neither do we think the trial court erred in refusing to instruct upon the question of plaintiff's contributory negligence, since there was no evidence tending to show that the plaintiff was guilty of negligence.

Negligence is the absence of ordinary care, and ordinary care is such care as an ordinarily prudent man would use under similar circumstances, involving his own interests. Mills v. L. & N. R. R. Co., 116 Ky., 315. There is nothing in this record to show that Cox failed to exercise ordinary care in attempting to tighten the top of the drill; and, that being true, the court properly declined to instruct upon the question of contributory negligence.

3. Appellant contends that where both parties agree that a new trial should be granted, it is the duty of the court to carry out the agreement. We do not, however, so understand the practice. A party to an action is entitled to a new trial only where his rights have been prejudiced in the trial; and this rule applies to both the plaintiff and the defendant. If the rights of neither party have been prejudiced in the trial, clearly there is no reason for granting a new trial; and the mere agreement of the parties to retry their case does not give them the right to do so. The courts are open to all litigants for the purpose of determining their legal rights, and when that has been correctly done, the functions of the court are ended in so far as the case in hand is concerned; and the parties will not be permitted to further use the process of the court merely for the purpose of experimentation.

Judgment affirmed.