## Nashville, Chattanooga & St. Louis Railway Co. v. Henry.

(Decided February 15, 1916.)

### Appeal from McCracken Circuit Court.

1. Appeal and Error—First Opinion Controlling.—On the second appeal of the case, if the pleadings, evidence and rulings of the trial court are substantially the same as on the trial from which the first appeal was prosecuted, the first opinion is the law of the case. And all questions which on the first appeal were or might have been brought to the attention of the court, are as conclusively settled, though not referred to in the opinion, as though they were specifically mentioned and considered. Although the first opinion may not notice errors relied on for reversal by the appellant, if these same alleged errors appear on the second appeal and are relied on for reversal, they will be treated as if they had been disposed of adversely to the contention of the appellant on the first appeal.

2. Trial—Instructions—Recovery for Lost Time and Permanent Injury.—When there is a claim for lost time as well as for permanent injury, the allowance for the impairment of the power to earn money should begin when the allowance for lost time ends, and, if requested, the court should so instruct the jury. But it is not reversible error to not so instruct unless such an instruction was requested and refused.

3. Damages—Remittitur in Trial Court of Part of Recovery.—It is good practice to remit in the trial court so much of the recovery in any case as may be fairly attributed to erroneous instructions.

4. Trial—Misconduct of Juror.—The fact that a juror, some time before he was selected, stated in a general conversation that he believed persons who were injured by corporations ought to be paid, is not such misconduct as would authorize the granting of

a new trial, when it does not appear that the juror making this statement knew that he would be called as a juror in the case in which he sat or had in mind that case.

CLAUDE WALLER and WHEELER & HUGHES for appellant.

W. MIKE OLIVER, SAMUEL A. ANDERSON and JOSEPH R. GROGAN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This is the second appeal of this case by the railway company. The former opinion may be found in 158 Ky., 88, and as the facts are very fully stated in that opinion, it is not necessary to repeat them here, especially as the evidence on the trial from which this appeal is prosecuted was substantially the same as the evidence on the trial from which the former appeal was taken.

The grounds relied on for reversal of the judgment, which was for $12,600.00, are: That the verdict of the jury is not supported by sufficient evidence; that the court erred in the instructions, and in the admission of incompetent evidence; that the verdict is excessive, and that one of the jurors was guilty of miscondct.

On the former appeal we held that the evidence for the plaintiff was sufficient to take the case to the jury and to sustain a verdict in his behalf, and in view of the fact that the evidence on this trial is if anything more favorable to the plaintiff than the evidence on the former trial, the question that the verdict of the jury was not supported by sufficient evidence must be regarded as settled adversely to the contention of the railway company by the former opinion.

On the first appeal the instructions on the measure of damages and contributory negligence, given on the first trial, were held to be erroneous, and the court pointed out the proper instructions that should be given in place of the ones that were given. Some minor errors were also pointed out in other instructions, and it is now insisted by counsel for the appellant that the trial court in the instructions on the second trial did not follow the directions laid down in the former opinion; but we do not think this objection is well founded except in one particular that will later be noticed.

Counsel for the railway company did not request any instruction except one asking a directed verdict in its favor, and this the court properly refused, but exceptions were saved to the instructions given.

At this point it may be said, as a sufficient answer to some objections raised by counsel, that it has been frequently written by this court that on the second appeal of the case if the pleadings, evidence and rulings of the trial court are substantially the same as on the trial from which the first appeal was prosecuted, the first opinion is the law of the case. And all questions which on the first appeal were brought to the attention of the court, or might have been brought to the attention of the court, are as conclusively settled, though not referred to in the opinion, as though they were specifically mentioned and considered. Although the first opinion may not notice errors relied on for reversal by the appellant, if these same alleged errors appear on the second appeal and are relied on for reversal, they will be treated as if they had been disposed of adversely to the contention of the appellant on the first appeal. In other words, the first opinion will be treated as controlling the second trial of the case not only with respect to errors relied on for reversal on the first appeal which are mentioned in the first opinion but as to errors relied on but not noticed in the opinion, and so as to errors appearing in the first record that might have been relied on but that were not brought to the attention of the court. United States Fidelity & Guaranty Co. v. Blackley, Hurst & Co., 27 Ky. L. R., 392; Dupoyster v. Ft. Jefferson Improvement Co., 121 Ky., 518; Springfield v. Louisville Ry. Co., 130 Ky., 468; Stewart's Admr. v. L. & N. R. R. Co., 136 Ky., 717; Wall's Exor. v. Dimmitt, 141 Ky., 715.

The petition, in itemizing the damages to which plaintiff was entitled, sought a recovery of nine hundred dollars for lost time, and in instruction number three the court told the jury that if they found for the plaintiff they should find for him such sum in damages as would reasonably compensate him "for the reasonable value of any time necessarily lost, on account of said injury, not exceeding nine hundred dollars; for physical pain and mental suffering, if any of either, on account of said injury, and for permanent injury to him, if any, on account of said injuries, diminishing his power to earn money, but in all not to exceed the amount claimed in the petition, to-wit: fifty thousand dollars."

In Blue Grass Traction Co. v. Ingles, 140 Ky., 488, the court said: "But when there is a claim for special damages based on time lost, and also a claim for partial

or permanent injuries and as a consequence impairment
of the power to earn money for any length of time or
forever, as the case may be, the allowance for the im-
pairment of the power to earn money whether it be tem-
porary or permanent should begin when the allowance
for lost time on account of total disability ends.   *   *   *
This rule as to beginning the allowance for the impair-
ment of the power to earn money at the time that the
allowance for loss of time ends, in order to prevent the
assessment of double damages, when there is a claim for
lost time as well as impairment, has been frequently
recognized as correct by this court in different forms of
expression, although the matter may not have been put
in the language here employed.''

It was further said in that case that if requested the
court should add that the allowance, if any, for impair-
ment of power to earn money should begin when the
allowance, if any, for time lost ended, but we have never
held it to be reversible error to fail to qualify the in-
struction in this way where a recovery was sought for
lost time as well as permanent impairment, unless such
a qualification was requested and refused.   We have
only said that the court, if requested so to do, should
direct the jury that the allowance for the impairment
of the power to earn money, if any, should begin when
the allowance, if any, made for lost time, ended.   Illinois
Central R. R. Co. v. Mayes, 142 Ky., 382.

But in this case, although counsel for defendant did
not request the court to instruct the jury that the dam-
ages allowed for impairment should not begin until the
time lost for which damages were allowed ended, the
attorneys for the plaintiff, in order to remove any ques-
tion that might be made that the jury may have allowed
nine hundred dollars for lost time and also damages for
impairment of power to earn money dating from the time
of the injury, thereby giving double damages for a part
of the time, moved the court to remit nine hundred dol-
lars of the verdict, and this was done.   In view of what
has been said, it would not have been reversible error
if this remitter had not been made, and of course the
appellant has no ground of complaint that can be rested
on this remittance.

We might further add that it is good practice to remit
in the trial court so much of the recovery in any case
as may be fairly attributed to erroneous instructions.

L. & N. v. Scott, 141 Ky., 538; C. & O. v. Meyers, 150 Ky., 841; Cumberland Telp. & Telg. Co. v. Sutton, 156 Ky., 191.

The instruction on the subject of contributory negligence is complained of, but this instruction, although not phrased like the one approved by this court in C., N. O. & T. P. Ry. v. Goode, 163 Ky., 60, has been approved by the Supreme Court of the United States in Norfolk & Western Ry. Co. v. Earnest, 229 U. S., 114, 57 L. Ed., 1096.

We do not find that any incompetent evidence was admitted; nor do we think the alleged misconduct of the juror was sufficient to authorize the granting of a new trial. All that appears is that one of the jurors had said, in a general conversation some weeks before he was selected as a juror, that he believed a person who was hurt while working for a corporation ought to be paid, and if he had anything to do with it he would get paid for his injury. But it does not appear that any of the parties engaged in the conversation had in mind this case, or that it was anticipated at the time that the person who made this statement would ever be called as a juror in the case. Casual remarks made by men as to what they thought ought to be done or ought not to be done in certain classes of cases is not such misconduct as will authorize the granting of a new trial, when it does not appear that what they said had any reference to the case in which they sat as jurors.

Upon the whole case, it appears that, with the exception of an error in the instruction as to lost time, the lower court tried the case according to the rules laid down in the first opinion.

Wherefore the judgment is affirmed.