## Langhan, et al. v. City of Louisville.

### (Decided December 19, 1919.)

### Appeal from Jefferson Circuit Court (Common Pleas Division, No. 3).

Trial—Different Causes of Action—Instructions.—Where a party to an action, upon a trial by jury, has two causes of action or two grounds of defense, either of which being sustained, he is entitled to a verdict in his favor, is entitled to have the instructions so drawn as to present his action or defense to the jury, in a way, to enable the jury to find for him if the proof sustains either cause of action alone if he is a plaintiff, or either ground of defense, if he is a defendant.

HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY and BASKIN & VAUGHN for appellants.

JOSEPH S. LAWTON, M. H. THATCHER and HARRY E. TINCHER for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The city of Louisville is a city of the first class, and the manner of reducing its limits, or extending them by the annexation of territory, which is contiguous to its present boundaries, is governed by the provisions of sections 2761 to, and including 2764, Kentucky Statutes. On the 5th day of October, 1918, in accordance with the provisions of the above mentioned statutes, the general council of the city, adopted an ordinance, providing for the annexation to the city of something in excess of eight thousand acres of land, which included two towns, one of which was of the fourth class, and the other of the fifth class, and each of which contained over two thousand persons. The population of the entire territory,

proposed to be annexed, is forty thousand persons, and the value of the property therein, is $11,025,843.00. The real estate, embraced within the territory, is divided among about eight thousand owners. The ordinance was duly published. Seventy-five per centum of the freeholders of the territory, proposed to be annexed, did not remonstrate against the annexation, but, within thirty days after the enactment of the ordinance, the appellant, R. D. Langhan and twenty-two other residents of the territory, embraced within the proposed annexation, filed their petition in the circuit court, setting forth reasons why the territory, nor any part thereof, should be annexed to the city. The petition resisted the annexation of the territory as a whole. The answer, of the city, was a denial of the averments of the petition and its amendments. Upon the trial of the action, the jury returned a verdict for the city. The court, upon the verdict, adjudged, that the plaintiffs' petition be dismissed, and that the judgment be certified to the general council of the city. The plaintiffs filed grounds and moved the court to set aside the verdict and judgment and to grant them a new trial. The motion being overruled, the plaintiffs have appealed.

Several grounds are urged for the reversal of the judgment, but, we do not deem it necessary to consider but one. The court, over the objections of the plaintiffs, gave to the jury, two instructions, one of which is as follows:

"(1) If the jury shall believe, from the evidence, that the addition of the territory, described in the evidence, to the city, will be for its interest and will cause no manifest injury to the persons owning real estate in the territory sought to be annexed, they will find for the defendant the city of Louisville, but, that, if the jury shall believe from the evidence, that the addition of the territory, described in the evidence, to the city, will not be for its interest and will cause manifest injury to the persons owning real estate in the territory sought to be annexed they should find for the plaintiffs."

The second instruction defined correctly the meaning of the term, "manifest injury to the persons owning real estate in the territory, sought to be annexed."

The statute, which prescribed the method of an action of this kind, and defines the issues, which must be submitted to the jury, where seventy-five per centum of

the freeholders of the territory, sought to be annexed, have not remonstrated, as was the case in this action, is as follows: "If the jury be satisfied upon a hearing, that less than seventy-five per centum of the freeholders of the territory to be annexed . . . have remonstrated, and that the adding . . . such territory to the city will be for its interest, and will cause no manifest injury to the persons owning real estate in the territory, sought to be annexed . . . it shall so find and said annexation . . . shall be approved and become final."

It is very clear, that in accordance with the provisions of the statute, an annexation of territory to a city of the first class, and where seventy-five per centum of the freeholders of the territory, sought to be annexed, have not remonstrtaed, can not, lawfully, be effectuated, unless two states of case exist; the one is, that the annexation will be to the interest of the city, and the other is, that the annexation will cause no manifest injury to the persons, who own real estate, within the territory sought to be annexed. Unless these two states of case concur, the annexation can not be made. If the annexation will be to the interests of the city, but will cause manifest injury to the freeholders of the territory, proposed to be annexed, the annexation can not be made. Neither can it be made, if it will cause no manifest injury to the freeholders of the territory, proposed to be annexed, but will not be to the interest of the city. The purpose of the statute is to protect the interests of the city, and also those of the freeholders in the territory, which is the subject of the proposed annexation. Hence, the city was not entitled to succeed unless the annexation would be both for its interests, and would cause no manifest injury to the freeholders of the territory to be annexed, and, hence, the plaintiffs were entitled to defeat the annexation, if it was, either, not for the interests of the city, or would work manifest injury to the freeholders of the territory, proposed to be annexed. The instruction as worded, correctly stated the city's rights to a recovery, if the evidence warranted it—that is, it was entitled to have the annexation made and confirmed, if it was to its interest and did not cause manifest injury to the freeholders, who resided in the territory, proposed to be annexed. It, however, denied, to the freeholders their grounds of defense to the proposed annexation, or

their causes of action, if they are to be deemed plaintiffs by requiring the jury before it could find a verdict for them to believe that the annexation would not cause manifest injury to the owners of real estate within the proposed annexation, and would not be to the interest of the city, both; when they were entitled to a verdict in their favor, if the annexation was either, not to the interest of the city, or would cause manifest injury to the owners of real estate within the territory proposed to be annexed. The owners of real estate within the territory, proposed to be annexed, were under the statute, and it was their right to defeat the annexation, if it would cause manifest injury to them, although the annexation might be for the interest of the city, but, under the instruction the jury could not find for them, although it might believe, that the annexation would work injury to the real estate owners in the territory to be annexed, unless it be believed also, that the annexation would not be to the interest of the city. Every litigant upon a trial by jury, is entitled, when he requests it, to have his cause of action or ground of defense presented by instructions, which would enable the jury to find for him, if the evidence warrants it, and if there are two grounds of defense, or two causes of action either one of which being believed, will entitle him to a verdict in his favor, the instruction to escape being prejudicial must be so drawn as to permit the verdict to be in his favor, if either of the grounds is sustained by the evidence, and he should not suffer defeat and be deprived of his right, because the jury is required to not only believe the grounds, which will entitle him to the verdict, but, in addition thereto, to believe some other fact, which is not necessary to his defense, or to the support of his cause of action. The disjunction, "or" should have occupied the place of the conjunction, "and" in that part of the instruction where it was undertaken to declare to the jury the state of case when its verdict should be for the plaintiffs so that the verdict could be for them in the event the jury believed, either that the proposed annexation was not for the interest of the city or would cause manifest injury to the owners of real estate in the territory which was proposed to be annexed. It might be suggested, that the error arising from the use of so small a word was not prejudicial, but, the effect of it, was to take away the right of the plaintiffs, and it can

not be held, that the error was not prejudicial upon the ground, that the jury failed to heed and disregarded the instructions of the court, and it would not do to say, that such an error is not prejudicial in a case where a jury is called upon to pass upon the future welfare of forty thousand of their fellow citizens, where the instructions do not correctly define the rights of those citizens, and especially in a character of action, which is unusual, and in which jurors have no experience. The learned trial judge was doubtless led into the error in giving the instructions, by the opinion of this court in Brown v Louisville, 119 S. W. 1197, wherein in directing an instruction in a similar case, the same error appears as in the instruction complained of in the instant case, and the error in that opinion was perhaps, the result of inadvertence or oversight in the writing of the opinion, but, it should no longer be permitted to remain a precedent for the guidance of trial courts. The judgment is therefore reversed, and cause remanded for proceedings not inconsistent with this opinion.

All members of the court sitting, except Judge Quin.