## O'Flynn & Son v. Ebelhaar, et al.

(Decided June 15, 1920.)

### Appeal from Daviess Circuit Court.

1. Appeal and Error—Second Appeal—Law of the Case.—The opinion of the Court of Appeals on a former appeal is the law of the case, and matters which might have been brought to the attention of the court, but were not, are concluded by the opinion, and where defendant, as a ground for reversal on the first appeal, might have relied upon the insufficiency of the reply to his answer and counterclaim, but did not, the question is not open to consideration on a subsequent appeal.

2. Appeal and Error—Instructions—Prejudicial Error.—An instruction authorizing a finding of interest from January 26, 1917, instead of from February 15, 1917, was not prejudicial to defendant where the jury allowed interest only from February 26, 1917.

3. Appeal and Error—Instructions — Prejudicial Error.—Where plaintiffs were entitled to interest from a certain date as a matter of right, an instruction authorizing the jury to award interest in their discretion was not prejudicial to defendants.

W. P. SANDIDGE for appellants.

L. I. IGLEHEART for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Elizabeth Ebelhaar and Tom Fenwick, her tenant, sold their crops of tobacco, consisting of about 9,000 pounds, to R. E. O'Flynn & Son, who refused to pay the contract price for the third delivery. Thereupon, Elizabeth Ebelhaar and Fenwick brought this suit to recover the amount claimed to be due. O'Flynn & Son counterclaimed for damages in the sum of $520.00 because the plaintiffs failed to deliver tobacco of the quality contracted for. On the first trial the court instructed the jury to find for plaintiffs  On appeal this court held that defendants were entitled to go to the jury on their counterclaim and reversed the judgment for a new trial. R. E. O'Flynn & Son v. Ebelhaar, et al., 182 Ky. 152, 206 S. W. 284. The second trial also resulted in a verdict and judgment for plaintiffs. Defendants appeal.

We deem it unnecessary to detail the evidence. In our opinion there was such a conflict in the evidence as to make the issue raised by the counterclaim a question for the jury, and we are not prepared to say that its finding is flagrantly against the evidence.

Another contention is that defendant's motion for a judgment notwithstanding the verdict should have been sustained, because the reply did not contain a sufficient denial of the allegations of the answer and counterclaim. It is the settled rule in this state that the opinion on a former appeal is the law of the case, and matters which might have been brought to the attention of the court, but were not, are concluded by the opinion. Nashville, C. & St. L. Ry. Co. v. Henry, 168 Ky. 453, 182 S. W. 651. While the defendant obtained a reversal on the first appeal on the ground that the evidence on the counterclaim was sufficient to take the case to the jury, they might also have relied on the fact that the reply was insufficient and did not present a defense to the counterclaim. That being true, the former opinion is conclusive as to the sufficiency of the reply, and that question is not open to further consideration. Drake v. Holbrook, 28 Ky. L. Rep. 1319, 92 S. W. 297; Lexington Ry. Co. v. Woodward, 118 S. W. 965.

Instruction No. 3 is as follows:

"If the jury find in favor of the plaintiffs, they may, in their discretion, award plaintiffs interest from January 26, 1917, and so state in their verdict."

The first complaint of this instruction is that it authorized interest from January 26, 1917. instead of Feb-

ruary 15, 1917, when plaintiffs delivered the tobacco. As a matter of fact, however, the jury allowed interest only from February 26th. Hence, defendants were not prejudiced by the error relied on. Another contention is that the damages were liquidated, and the court erred in telling the jury that they might award interest in their discretion. Since plaintiffs were entitled to interest as a matter of right, we are unable to say how defendants were prejudiced by an instruction authorizing the jury to allow interest in their discretion.

Judgment affirmed.