## Langhan, et al. v. City of Louisville.

(Decided October 8, 1920.)

### Appeal from Jefferson Circuit Court (Common Pleas, Division No. 3).

Appeal and Error—Second Appeal—Law of the Case.—Errors relied on but not noticed in the opinion are concluded by the opinion, and this rule applies to all cases where the opinion does not expressly state that a particular point is not passed upon.

HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY and BASKIN & VAUGHN for appellants.

JOSEPH S. LAWTON, HARRY E. TINCHER and M. H. THATCHER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The city of Louisville adopted an ordinance annexing certain territory to the city. Pursuant to the statute, R. D. Langhan and others filed their petition in the Jefferson circuit court resisting the annexation on numerous grounds. A trial before a jury resulted in a verdict for the city. Plaintiffs appealed, and in addition to relying on an error in the instructions, asked a reversal of the judgment on numerous other grounds, including the contention that the annexation would result in taking the property of plaintiffs without due process of law, and was therefore violative of the fourteenth amendment of the federal Constitution. The judgment was reversed for error in one of the instructions, the court saying in its opinion: "Several grounds are urged for the reversal of the judgment, but we do not deem it necessary to consider but one." Langhan, et al. v. City of Louisville, 186 Ky. 438, 216 S. W. 1082. Thereupon appellants filed

a petition for rehearing and extension of the opinion, calling the attention of the court to the rule that errors relied on but not noticed in the opinion will be treated as if they had been disposed of adversely to the contention of appellant, Nashville, Chattanooga & St. Louis Ry. Co. v. Henry, 168 Ky. 453, 182 S. W. 651, and asking the court to pass on the merits of the questions unnoticed in the opinion, whether it regarded the rule as applying or not. The petition for rehearing and extension of the opinion was overruled. Thereupon appellants filed a motion to set aside the order overruling the petition for rehearing and extension of the opinion, and asking the court to say whether or not the questions, which the court said in its first opinion were not considered, would be deemed passed on or not. This motion was overruled, the court stating that the errors relied on but not noticed in the opinion were concluded by the opinion.

On the next trial the court instructed the jury in accordance with the former opinion, and the jury again found in favor of the city. Plaintiffs appeal.

The only errors assigned are those for which a reversal was asked on the first appeal, but which were not noticed in the opinion. In view of the statement in the former opinion that the court did not deem it necessary to consider but one of the errors relied on, we are asked to hold that the errors relied on but not noticed in the opinion are not concluded by the opinion. Not only was this question decided adversely to appellants on the former appeal, but the rule itself that errors relied on but not noticed in the opinion are concluded by the opinion, and that this rule applies to all cases where the opinion does not expressly state that a particular point is not passed upon, Miller's Appellate Practice and Forms, section 138; Bean v. Meguiar, Helm & Co., 20 Ky. L. Rep. 885, 47 S. W. 771, is too well settled to admit of any exception or departure.

Judgment affirmed.