## Nussbaum v. Caskey et al

(Decided October 21, 1930.)

(As Modified on Denial of Rehearing November 25, 1930.)

JOSEPH SOLINGER and ALEX H. VEENEMAN for appellant.

ROBERT HUBBARD for appellees.

Opinion of the Court by Judge Willis—Affirming.

Joseph Caskey was shot by a watchman at an old distillery plant, and sued the watchman and his employer to recover damages for the injury. There was a verdict for the defendants, but, upon an appeal to this court, the judgment was reversed. Caskey v. Nussbaum, 227 Ky. 479, 13 S. W. (2d) 493. Another trial was had on April 16, 1929, and a verdict was returned for the plaintiff for $100 against the watchman and for $1,900 against Nussbaum. Nussbaum alone has prosecuted an appeal from the judgment. His complaints will be considered and disposed of as the opinion proceeds.

1. It is argued that the verdict of the jury awarded excessive damages, indicating the influence of passion and prejudice. Caskey was shot in the right leg and sustained only a flesh wound. The bullet entered at the back and was removed by the doctor at the front.

He claimed to suffer from the effects of the wound for four or five months, and even at the time of the trial he suffered from numbness in the injured leg. His mother testified that Caskey suffered considerable pain and was confined to his bed for two weeks. His physician testified that he treated Caskey for about three weeks, during which time the patient suffered a great deal of pain. The wound was infected and required attention for probably six weeks.

The question is whether the verdict is excessive as compensatory damages alone. The rule is that the ver-

dict of a properly instructed jury will not be set aside as excessive unless the amount of damages awarded is so great as to strike the mind at first blush as having been superinduced by passion and prejudice. Consolidated Coach Corporation v. Hopkins, 228 Ky. 184, 14 S. W. (2d) 768; Fullenwider v. Brawner, 224 Ky. 274, 6 S. W. (2d) 264. In this instance the plaintiff sustained a serious and painful wound and necessarily suffered some shock and inconvenience. The measure of damage, as defined by law, includes compensation for the physical pain and mental agony produced by the injury. The extent and effect of the suffering could be determined best by a jury. There is no rigid rule or mathematical measure for the formation of a judgment upon such a question, and the whole subject, at last, must be left to the sound judgment and informed discretion of a jury of practical men. Broadway Coal Mining Co. v. Robinson, 150 Ky. 707, 150 S. W. 1000.

The Supreme Court of the United States upheld an award of $5,000 damages for great pain and conscious suffering which lasted less than thirty minutes. St. Louis, Iron Mountain, etc., R. Co. v. Craft, 237 U. S. 648, 35 S. Ct. 704, 59 L. Ed. 1160.

By reason of the variable standard and the necessities of the case, our power to reverse an award of damages for pain and suffering wrongfully inflicted is limited to instances where the amount allowed is so disproportionate to any reasonable consideration of the actual injury that it strikes us at first blush as a passionate, and not a deliberative, judgment of the jury. City of Providence v. Young, 227 Ky. 690, 13 S. W. (2d) 1022; Chambers v. Hawkins, 233 Ky. 211, 25 S. W. (2d) 363; cf. W. T. Grant Co. v. Taylor, 223 Ky. 812, 4 S. W. (2d) 741.

We are unable to say, in this case, that the damages allowed were excessive within the meaning of the rule by which we are governed.

2. Appellant argues that he was prejudiced by the action of appellee after the verdict in filing a remittitur of $500. We have considered the case on the assumption that appellant was entitled to a new trial if the verdict of the jury as rendered was excessive. In such case we are unable to see how the appellant was prejudiced by the action of appellee in filing the remittitur. It does

not appear that the trial judge was influenced by it, as he made no order respecting it, except to file the writing. As the matter is presented, it does not call for any discussion, since clearly it did no harm to appellant. Nashville, C. & St. L. Ry. Co. v. Henry, 168 Ky. 453, 182 S. W. 651; John B. Carter Co. v. Cox, 159 Ky. 711, 169 S. W. 472.

3. The instruction upon the measure of damages authorized the inclusion of compensation for any pain and suffering found from the evidence to be reasonably certain hereafter as a direct result of the injury. When it is deducible from the evidence that future suffering may follow from the injury, it is proper to include such probability as a basis for assessing damages. Moses v. Proctor Coal Co., 166 Ky. 805, 179 S. W. 1043.

It is now insisted that the evidence did not warrant an instruction respecting future suffering. There was some substantial testimony tending to show that it was reasonable to expect future pain and suffering as a result of the injury. 8 R. C. L. 544. Louisville & N. R. Co. v. Stewart, 163 Ky. 164, 173 S. W. 757.

We are urged to determine whether or not the remittitur is to be deducted from the amount of the judgment, but we are not authorized to determine on this appeal questions not yet decided in the circuit court.

The trial as conducted conformed to the requirements of the law, and no errors prejudicial to the rights of appellant were committed.

The judgment is affirmed.