## Caskey v. Nussbaum.

(Decided January 13, 1931.)

ROBERT HUBBARD for appellant.

ALEX VEENEMAN and JOSEPH SOLINGER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Joseph Caskey, who was shot by J. M. Shaneman, a watchman in the employ of Karl Nussbaum, sued the watchman and Nussbaum for damages. On the first trial the jury found for the defendants, but, on appeal, the judgment was reversed. Caskey v. Nussbaum, 227 Ky. 479, 13 S. W. (2d) 493. At another trial on April 16, 1929, the jury found for plaintiff against the watchman in the sum of $100, and against Nussbaum in the sum of $1,900. On the same day judgment was entered pursuant to the verdict. On April 17, 1929, both defendants filed motions and grounds for a new trial, and on April 27, 1929, the case was submitted on the motion. On June 21, 1929, and while the motions for a new trial were pending, plaintiff filed the following remittitur: "Comes plaintiff by counsel and remits $500.00 of the verdict of the jury and judgment of the court against the defendants" —to the filing of which the defendants objected. Thereupon an order was entered overruling the objections, to which defendants excepted, and directing that the remittitur be filed. In due time Nussbaum appealed, insisting that the verdict was excessive, that he was prejudiced by the action of the court in permitting the remittitur to be filed, and that the instruction on the measure of the damages was erroneous. The several contentions were overruled, and the judgment was affirmed. Nussbaum v. Caskey, 235 Ky. 640, 32 S. W. (2d) 18, 19. In discussing the question of remittitur, we said:

> "Appellant argues that he was prejudiced by the action of appellee after the verdict in filing a remittitur of $500. We have considered the case on the assumption that appellant was entitled to a new trial if the verdict of the jury as rendered was excessive. In such case we are unable to see how the appellant was prejudiced by the action of appellee in filing the remittitur. It does not appear that the trial judge was influenced by it, as he made no

order respecting it, except to file the writing. As the matter is presented, it does not call for any discussion, since clearly it did no harm to appellant. Nashville, C. & St. L. Ry. Co. v. Henry, 168 Ky. 453, 182 S. W. 651; John B. Carter Co. v. Cox, 159 Ky. 711, 169 S. W. 472. . . .

"We are urged to determine whether or not the remittitur is to be deducted from the amount of the judgment, but we are not authorized to determine on this appeal questions not yet decided in the circuit court."

On the return of the case, Nussbaum moved the court for a nunc pro tunc order crediting the judgment for $1,900 entered on April 16, 1929, with the sum of $500, as shown by the remittitur, to which Caskey filed written objections. The court overruled the objections and entered a nunc pro tunc order in conformity with the motion. From that order this appeal is prosecuted.

The case is before us without any showing of record of what occurred when the remittitur was filed. All that is before us is the original judgment, the filing of the remittitur, the overruling of the motion for a new trial, the appeal, the affirmance of the judgment, and the subsequent action of the court in entering the nunc pro tunc order pursuant to a motion therefor. Appellant did not accept the remittitur, but objected to its filing. The trial court entered no order giving effect to the remittitur, but overruled the motion for a new trial and left the original judgment in full force and effect. On appeal from that judgment we did not consider the remittitur but held that the damages of $1,900 as fixed by the verdict and incorporated in the judgment were not excessive, and affirmed the judgment for that amount without remanding the case for further proceedings. So far as the record discloses, there was no clerical misprision in the entry of the judgment. The judgment conformed to the verdict, and none other was authorized in the absence of an order giving effect to the remittitur. No such order being of record, and there being no note nor memorandum of any kind on any book authorized or required to be kept by the court or the clerk, showing that the judgment had been changed, or that the court in overruling the motion for a new trial was influenced by the remittitur, there was no basis whatever for the nunc pro tunc order other than what was concealed in

the mind of the court, and that was not sufficient. Boyd County v. Ross, 95 Ky. 167, 25 S. W. 8, 15 Ky. Law Rep. 520, 44 Am. St. Rep. 210; Bennett v. Tiernay, 78 Ky. 580. Not having acted during the time that it had control of the judgment, and there being no clerical misprision nor proper basis for a nunc pro tunc order, it necessarily follows that the court was without authority to amend or change the judgment after its affirmance by this court. Conn. v. Doyle, 2 Bibb. 248.

Wherefore, the judgment is reversed and cause remanded, with directions to set aside the nunc pro tunc order.