## Perkins v. Commonwealth.

Feb. 20, 1940.

G. W. E. Wolfford, Judge.

Nickell & Nickell, Floyd Arnett, S. Monroe Nickell and J. Blaine Nickell for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The appellant, Palmer Perkins, was convicted of voluntary manslaughter and his sentence fixed at ten years in the State Reformatory. He shot Wheeler Allen in Morgan county late in the afternoon of June 17, 1939. Allen died two days later in a hospital in Johnson county. There had been trouble previously between Allen and a brother of Perkins. Witnesses for the Commonwealth testified that Perkins shot Allen just as he was working on, or had just finished working on, the motor of his car. Perkins claimed that shortly after Allen's car had been pushed from a place where all the parties had been together Allen got out of the car and came back toward Judge Stephens and himself with his hand in his left pocket and said, "God damn you, I'll shoot you." Perkins said that Allen was told to stop twice, and that when he did not do so he fired two shots into his body. Stephens' testimony supported that of Perkins. Immediately thereafter a number of shots were fired by parties who had been with Allen and by Perkins and Stephens. Shephens was shot in the hand.

The grounds upon which reversal is urged are (1) the court improperly admitted evidence regarding Allen's dying declaration; (2) the court erred in refusing to admit competent evidence; (3) error was committed in giving an instruction on self defense; and (4) improper arguments were made by the commonwealth's attorney.

It is insisted that the court erred in permitting Allen's father to testify as to two statements made by the deceased shortly before his death as to how the difficulty with Perkins occurred. One of the statements was supposed to have been made a few hours before Allen's

death. His father said at that time the deceased told him that he knew that he was bound to die, had no hope of recovery and could not live long. In that statement Allen said he had cleaned the distributor cap on his car and had put it back in place, and as he turned around Perkins shot him and he made no attempt to hurt Perkins and had no pistol. The father, Noah Allen, said his deceased son made a written statement on the night of the shooting and in that statement he said that he had the distributor cap in his hand fixing it when Perkins shot him, and the hood of the car was up. In the written statement the deceased said the chances were against him, but he had some hope of recovery. Both statements were objected to by the appellant. The written statement, the first one made, was clearly not admissible as a dying declaration. In that one Allen said he had some hope of recovery. The statement that he was supposed to have made shortly before his death, however, was admissible as a dying declaration. Stean v. Commonwealth, 267 Ky. 413, 102 S. W. (2d) 363. In view of the conflict in the evidence as to how the difficulty between Allen and Perkins occurred, and other circumstances heretofore mentioned, we think the error in admitting the written statement as a dying declaration was prejudicial to appellant's substantial rights.

One of Perkins' witnesses testified that Wheeler Allen's general reputation for "peace and violence" immediately before his death was bad. On cross examination this witness was asked if Allen's reputation did not grow out of his trouble with the Perkins family and he said that he supposed so. Counsel for the defense then sought to show that the witness had heard that the deceased had been engaged in other difficulties shortly before he was killed. Upon the court's refusal to permit this evidence avowals as to these matters were made. The evidence as to the deceased's general reputation was competent, and when the commonwealth attempted to restrict this evidence to his dealings with members of the Perkins family the way was open for the defense to inquire into his reputation in relation to particular events and happenings. Caskey v. Nussbaum, 227 Ky. 479, 13 S. W. (2d) 493. In view of the circumstances involved in this case we are of the opinion that this was also prejudicial error.

It is insisted that the self defense instruction should. not have been limited to Perkins' right to shoot to pro- tect himself, but that it should have included Judge Stephens, since he and Perkins were together when, ac- cording to their testimony, the deceased got out of his car and came toward them with his hand in his pocket and also that this instruction required the jury to be- lieve beyond a reasonable doubt that Perkins in good faith believed that he was in danger. According to Perkins' statement after the deceased got out of the car he came back toward him and got within three or four feet before he shot. He said also, "I thought he was going to shoot me, for he said he would." There is no showing that there had been any difficulty between the deceased and Stephens. There had been trouble between the deceased and members of the Perkins family, and he and Perkins had discussed the previous difficulty and shaken hands shortly before the shooting. We do not interpret the self defense instruction as requiring the jury to believe beyond a reasonable doubt that Perkins was required to believe that he was in danger of death or great bodily harm before he could defend himself. If, upon another trial, the evidence be the same, the same self defense instruction should be given.

The fourth complaint is directed to the following statements made by the commonwealth's attorney in his argument before the jury:

"Monroe Nickell always presents an iron clad hip pocket defense for a cold blooded murderer like this."

"Wheeler Allen called on God to help when this demon was shooting lead into his oody."

"If you believe this bloody handed murderer over here, acquit him and God have mercy on you."

"If you convict him you will by your verdict say 'an eye for an eye and a tooth for a tooth.'"

While we have no commendation for the statements made by the commonwealth's attorney, we are not pre- pared to say that they were such as to be prejudicial to appellant's substantial rights.

Wherefore, the judgment is reversed with directions for proceedings consistent with this opinion.