**Ronald BOWLING et al., Appellants,**

**v.**

**David L. BRUNK, Jr., Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1963.

Rehearing Denied May 8, 1964.

Ware & Ware, James C. Ware, James A. Nolan, Covington, for appellants.

Blakely, Moore & O'Hara, John J. O'Hara, Covington, for appellee.

W. R. KNUCKLES, Special Commissioner.

This action to recover damages for personal injuries, as well as damages to appellee's automobile, sustained in an auto-truck collision was instituted by the appellee, David L. Brunk, Jr., owner of the automobile. The appellee claimed $5,685.00 for pain, loss of wages, medical expenses and rental of an automobile, and $2,500.00 as damages to his automobile. This appeal is from a judgment on a verdict awarding appellee $7,415.50, on the grounds that (1) the verdict was grossly excessive, (2) not sustained by sufficient evidence and (3) is contrary to law.

The collision occurred January 29, 1960, at an intersection of Pike Street and Arnold Street in Covington, Kenton County, Kentucky. The appellee, David L. Brunk, Jr., who was driving his 1959 Plymouth automobile, had stopped at the intersection for a red light. The defendant, Ronald Bowling, was driving a 1953 International truck and trailer belonging to the co-defendant, Scott Bowling, which truck was loaded with lumber. As a result of the appellant traveling at a speed of twenty-five miles per hour and failing to stop, his truck struck the automobile of the appellee in the rear, knocking it forward and coming to rest with the left front wheel of the truck on top of the rear body and trunk of appellee's automobile, after pushing appellee's automobile into the rear of a Kelly truck which was in front of appellee. The appellee then and there experienced a sharp pain in his neck. He was taken to Booth Hospital, examined by a doctor and released about a half hour later.

Three days later, on February 1, 1960, appellee saw Dr. George F. Riley at the latter's office, at which time he complained of pains, stiffness and soreness in his neck, shoulders and upper back muscles. Dr. Riley testified that he conducted an examination at that time on which he could base the fact that appellee was experiencing pains in the area of his neck and shoulder, which he characterized as muscle strain in the back of his neck, shoulders and upper part of his back, or a whiplash injury, which is usually caused from being struck from the rear. Dr. Riley also described a whiplash type injury as one which may occur when one lunges forward, hitting something from the front. On April 12, 1960 appellee again saw Dr. Riley, and stated that he was still experiencing pain in his neck. Dr. Riley testified that the muscles were still tense and that he still experienced pain on feeling or palpating these muscles. He was X-rayed, but the X-rays showed no evidence of recent or old bone injury. The only treatment, according to Dr. Riley, was rest, heat, and time.

The day before the trial, November 19, 1960, appellee was examined by Dr. Riley and Dr. Riley testified that appellee's condition was substantially the same as on the preceding April 12th. Dr. Riley's testimony is uncontradicted.

There appears to be no controversy as to the amount of the verdict in this case rendered for special damages, so we are concerned with the question of whether the amount of $5,000.00 for physical pain and mental suffering, if any, he has endured and which he may hereafter endure, if any, was excessive.

■ From the evidence it is established that:

1. The appellee's automobile which was sitting still was struck from the rear by appellant's heavily loaded truck and knocked forward some sixty feet, with the truck's left front wheel coming to rest on top of appellee's automobile.

2. Appellee sustained a whiplash injury to the muscles of the back of his neck, shoulders and upper part of his back.

3. Appellee lost one week from his regular work and periodically loses from one to two days per month from his employment, due to soreness and stiffness.

4. Appellee's ability to carry his sample cases was impaired, and at intervals of from three to ten days he is unable to get proper rest.

5. Ten months after the accident his condition is substantially the same.

6. The only treatment available is time and rest for an indeterminate period of time.

7. The statement of Dr. Riley that "time and rest" is the only treatment

implies that complete recovery can be achieved, but it clearly indicates that the condition described will persist for some time, and an award for future pain and suffering was proper.

Consolidated Coach Corp. v. Hopkins, 228 Ky. 184, 14 S.W.2d 768; Nussbaum v. Caskey, 235 Ky. 640, 32 S.W.2d 18.

 The appellants contend that the judgment in the sum of $5,000.00 for pain and suffering was excessive. The rule in Kentucky is well established that the power of the courts to reverse in cases where it is claimed damages are excessive is limited to instances where the award appears to be so disproportionate to any reasonable consideration of the proven injury and its results, as to strike the court at first blush that the verdict was not reached in calm deliberation, but resulted from something which in a measure tended to create a passion or prejudice, or some element which might have tended to bias the jurors, or unless damages awarded are so great as to strike the mind on first impression as having been superinduced by passion and prejudice, or unless so grossly excessive as to shock the conscience and raise irresistible inference of having been influenced by other considerations than law and evidence. Gnau v. Ackerman, 166 Ky. 258, 179 S.W. 217; Hedges v. Neace, Ky., 307 S.W.2d 564; Consolidated Coach Corp. v. Hopkins, 228 Ky. 184, 14 S.W.2d 768.

The reasons established by the evidence herein, and numbered 1 to 7 inclusive, amply support the verdict and award. It is therefore recommended that the judgment be affirmed.

The opinion is approved by the Court and the judgment is affirmed.

MONTGOMERY, J., dissenting.

MONTGOMERY, Judge (dissenting).

Under the authority of Commercial Carriers, Inc. v. Matracia, Ky., 311 S.W.2d 565, and Turner v. Johnson, Ky., 333 S.W.2d 749, and the cases cited therein, I am compelled to dissent. I feel that the evidence is insufficient to sustain the award of $5,000 damages for pain and suffering. The case should be reversed on this issue only for retrial by the lower court.