**LEXINGTON TRANSIT COMPANY and William Louis Patton, Appellants,**

v.

**Harlin DOOLIN, Appellee.**

Court of Appeals of Kentucky.

Sept. 19, 1969.

Nolan Carter, Jr., and Allen, Duncan & Arnold, Lexington, for appellants.

Peter Perlman and Fowler, Rouse, Measle & Bell, Lexington, for appellee.

DAN M. GRIFFITH, Special Commissioner.

This appeal is taken from a judgment of $4,150.00 for personal injury rendered against the Lexington Transit Company and William Louis Patton, a bus driver, in favor of Harlin Doolin, appellee. The sole question presented is whether the judgment requires reversal on the grounds that the amount of damages awarded was excessive. We do not believe that it does and think that the judgment of the trial court should be affirmed. The material facts are as follows:

On the 18th day of May, 1966, the plaintiff-appellee, Harlin Doolin, was sitting in a restaurant and bar at Sixth and Limestone Streets in Lexington, Kentucky, when a bus owned by the appellant, Lexington Transit Company, and driven by William Louis Patton, crashed through a wall of the building and pinned the appellee over the bar at which he was sitting. The appellee had previously suffered from a rupture of the abdomen, and immediately after the accident he experienced pain throughout his stomach and his chest. The accident occurred at around 3 or 3:30 in the afternoon and the appellee consulted Dr. John B. Floyd late the same afternoon. Dr. Floyd's deposition was read at the trial.

Dr. Floyd testified that the appellee was injured in his right abdomen and into the area of the right 12th rib. He further testified that upon his examination the appellee revealed tenderness in the entire right upper quadrant of his chest and that in the area of the right 12th rib the skin was red and there was evidence of superficial abrasions. Dr. Floyd further testified that there was evidence of tenderness in the area of the right inguinal ring, that he had repaired inguinal hernias prior to the date of the accident for the appellee, and that the appellee had completely recovered from his trouble with them as of

the date of the accident. This physician also related that the appellee had sustained enough of a strain to damage the area of the internal inguinal ring and cause pain to the appellee for a considerable period of time. As a result of the appellee's pain, Dr. Floyd performed a simple operation upon appellee to cause a nerve blockage.

The record reveals that the appellee was seen formally by Dr. Floyd on two occasions. Since appellee was employed as a carpenter and handyman and worked on the building Dr. Floyd occupied, Dr. Floyd had occasion to see him quite frequently during the period from the date of the accident to the date of the trial and testified that he inquired of his condition many times during this period.

The appellee testified that he was unable to work the week following the injury and that he missed several days off and on after the accident as a result of the injuries. He further testified that during this period he suffered pain through his stomach and chest. He described this pain as a "burning" type sensation and said that he had taken large amounts of aspirin after the injury for the relief of the pain he suffered.

The appellants had the appellee examined by an orthopedic surgeon for the purpose of evaluating his injury. The physican testified that his examination was essentially negative but stated that he did not examine the area of the right inguinal ring and that such an examination would have been outside his field of practice and that he was not in a position to express an opinion in one way or other in regard to the trouble appellee testified he was having in that area.

The case was called for trial and the appellee's counsel made an opening statement to the jury. Appellants' counsel then made an opening statement to the jury and at the very end of it admitted the negligence of the appellants and stated that the case would be tried on the question of damages only. The jury returned a verdict for the appellee in the amount of $4,150.00, constituting $50.00 for medical expenses, $100.-00 for loss of earnings and $4,000.00 for pain and suffering. The appellants then moved the trial court for a new trial on the grounds that the verdict was excessive. The trial court overruled the motion and filed a written opinion setting out the reasons for its action. The appellants then took this appeal.

Initially, it might be observed that this court is in a most disadvantageous position compared to the trial jury and trial court in attempting to assess fair and reasonable damages for pain and suffering in a personal injury action. Both the jury and the court in which the case was tried had the opportunity to hear the testimony presented and evaluate the credence of the appellee and the worth of his claim by bringing to bear upon the testimony multitudinous factors affecting the reasonableness of the award but which this court cannot glean from the written record. Pain and suffering is a personal matter. The same injury may cause great suffering to one person and hardly any to another depending upon the particluar person's sensitivity, personality and overall ability to endure physical and mental stress. As the trial judge aptly stated in his written opinion in overruling the appellants' motion for a new trial, the court should be most hesitant about invading the province of a jury in setting aside an award for pain and suffering as being excessive or inadequate. As the trial court further observed in its written opinion, justice is threatened when an award in a particular case is compared to awards in other cases in determining whether or not such an award is excessive.

The above-cited considerations and many others have caused this court to assert the rule that a verdict of a jury will not be overturned as excessive unless it is so large that it at first blush shocks the conscience of the court and demonstrates that the jury allowed its sympathy and passion or prejudice rather that the evidence to determine the size of the verdict.

Hedges v. Neace, Ky., 307 S.W.2d 564. A wide discretion must necessarily be left to the jury in fixing such an award. Townsend v. Stamper, Ky., 398 S.W.2d 45, 12 A.L.R. 3d 108; Boling v. Brunk, Ky., 378 S.W.2d 219.

We are unable to hold in the light of the proven injuries the appellee sustained that the jury's verdict is so large as to indicate that it was induced by passion and prejudice. Perhaps the jury was liberal, but its award is amply sustained by the evidence.

The judgment is affirmed.

All concur.